# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2298

_____

United States of America,

               Appellee,

v.

Derrick Wayne Walker,

               Appellant.

\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Eastern District of Arkansas.
\*
\*
\*

_____

Submitted: November 13, 2007
Filed: January 29, 2008

_____

Before RILEY, BOWMAN, and SMITH, Circuit Judges.

_____

RILEY, Circuit Judge.

Derrick Wayne Walker (Walker) appeals the sentence imposed by the district court[1] following the revocation of his supervised release. For the reasons stated below, we affirm.

_____

[1]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

## I.    BACKGROUND

Neither party challenges the background facts leading to Walker's revocation of his supervised release. The only disputed issue is whether the district court is authorized to impose an additional term of supervised release. Thus, we briefly state the relevant facts.

In 1996, a jury convicted Walker of bank robbery (Count I) and use of a firearm during a robbery (Count II), in violation of 18 U.S.C. §§ 2113(a) and 924(c), respectively. As a result, Walker was sentenced to 105 months of imprisonment (45 months for Count I and 60 months for Count II) and three years of supervised release. The presentence report (PSR) adopted by the district court classified the bank robbery as a class C felony and the firearm violation as a class D felony.

After serving his sentence, Walker was released from prison in September 2003 and began to serve his term of supervised release. However, in December 2003, Walker robbed a fast food restaurant. In state court, Walker pled guilty to robbery charges and was sentenced to 120 months of imprisonment.

After his release from the Arkansas Department of Corrections, Walker was transferred to the custody of the United States Marshals. In May 2007, following a revocation hearing on his 1996 supervised release sentence, the district court found Walker had violated the conditions of his supervised release and then sentenced Walker to 24 months of imprisonment and 12 months of supervised release. Arguing the district court is not authorized to sentence him to a post-revocation term of additional supervised release, Walker appeals.

## II.    DISCUSSION

We review the legality of Walker's revocation sentence de novo, a matter that turns on the interpretation of 18 U.S.C. § 3583. See United States v. Palmer, 380 F.3d 395, 396 (8th Cir. 2004) (en banc) (citations omitted). If a defendant violates the

conditions of his supervised release, a district court, under § 3583, is permitted "to impose both imprisonment and a new term of supervised release if the new term does 'not exceed the term of supervised release *authorized by statute for the offense that resulted in the original term of supervised release*, less any term of imprisonment that was imposed upon revocation of supervised release.'" Id. at 397 (citing 18 U.S.C. § 3583(h)) (emphasis in original). The district court "may require imprisonment for 'all or part of the term of supervised release *authorized by statute for the offense that resulted in such term of supervised release*.'" Id. (citing 18 U.S.C. § 3583(e)(3)) (emphasis in original). Upon revocation, "[i]f a sentence is imposed 'within the bounds of 18 U.S.C. § 3583(e),' we will not disturb it absent an abuse of discretion." United States v. Holt, 130 F.App'x 837, 838-39 (8th Cir. 2005) (citing United States v. Holmes, 283 F.3d 966, 968 (8th Cir. 2002)).

Walker does not dispute his sentence of 24 months of imprisonment, but contends the district court erred in imposing an additional 12-month term of supervised release. We find the district court committed no error. Walker's sentence of 24 months of imprisonment plus a term of 12 months of supervised release does not exceed the term of supervised release authorized by 18 U.S.C. § 3583. Walker's underlying offenses were class C and D felonies, and a term of supervised release of up to three years is authorized by § 3583(b)(2). Therefore, when the district court revoked Walker's previous term of supervised release, the court did not abuse its discretion by imposing a three year sentence composed of 24 months of imprisonment and 12 months of supervised release.

Under § 3583, Walker may be sentenced to a term of imprisonment and a further term of supervised release which, in the aggregate, do "not exceed the term of supervised release *authorized by the statute for the offense that resulted in the original term of supervised release*." Palmer, 380 F.3d at 397. Walker's revocation sentence clearly does not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, that is, three years.

At the revocation hearing, there was some confusion as to whether the district court was considering Walker's 1996 conviction under 18 U.S.C. § 924(c) as a class A felony rather than a class D felony as stated in the 1996 PSR. This confusion prompted Walker to argue the district court previously adopted the PSR and did not have jurisdiction to change the classification of the § 924(c) offense. We do not need to address this argument because (1) the district court did not alter the classification of the firearm felony for purposes of Walker's revocation sentence; and (2) the district court, under 18 U.S.C. § 3583(b), was empowered to impose a 12-month term of supervised release in addition to a term of imprisonment regardless of the felony classification.

## III.   CONCLUSION

The district court did not err in sentencing Walker to 24 months of imprisonment followed by 12 months of supervised release. Thus, we affirm Walker's sentence.

_____