# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3789

_____

United States of America,                   *

                                  *

           Appellee,            *

                                  *    Appeal from the United States

     v.                           *    District Court for the Western

                                  *    District of Missouri.

David M. Defoor,               *

                                  *

           Appellant.           *

_____

Submitted: June 10, 2008
Filed: August 1, 2008

_____

Before MELLOY, BEAM, and BENTON, Circuit Judges.

_____

MELLOY, Circuit Judge.

David Defoor appeals the sentence imposed after the district court[1] found he violated the terms of his supervised release. We affirm.

## I.    Background

Defoor pled guilty to being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g) and a Class C felony. See 18 U.S.C. § 3559 (defining a Class C

_____

[1] The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

felony as an offense with a maximum term of imprisonment of "less than twenty-five years but ten or more years"). The district court sentenced Defoor to 57 months of imprisonment, to be followed by a three-year term of supervised release. Upon the government's motion, Defoor's term of imprisonment was later reduced to 36 months, but his term of supervised release remained unchanged.

In July 2007, Defoor completed his 36 months of imprisonment and commenced his three years on supervised release. In October 2007, the probation office notified the court of various alleged violations of Defoor's supervised release conditions. The district court conducted a revocation hearing. At the revocation hearing, Defoor admitted violating the terms of his supervised release by using methamphetamine, but he denied other alleged violations. The government introduced evidence in support of the other alleged violations, and the district court concluded Defoor violated the terms of his supervised release by: (1) violating state law by committing an aggravated assault against Aaron Hassen; (2) using methamphetamine; (3) using alcohol in excess; (4) failing to report to his probation officer as required; and (5) associating with a felon.

Defoor does not appeal the court's determination as to his violations. However, we briefly summarize the facts of some of his violations to provide background for his sentence, which Defoor does challenge. On October 18, 2007, Defoor stabbed Hassen in the head with a kitchen knife with a five to six inch blade. The resulting six-inch laceration ran from the top of Hassen's head to the back of his ear and required staples and stitches to close. Defoor stabbed Hassen, a felon, because Defoor suspected Hassen of drinking his vodka.

Based upon these violations, the district court revoked Defoor's term of supervised release. The court determined the assault constituted a grade A violation, resulting in an advisory guidelines range of 18 to 24 months of imprisonment. See U.S.S.G. §§ 7B1.1 & 7B1.4. The court sentenced Defoor to 24 months'

imprisonment, to be followed by 12 months of supervised release. Defoor did not object to the sentence.

II.     Discussion

Defoor alleges the district court was not authorized to impose an additional 12 months of supervised release to follow his post-revocation term of imprisonment. He further contends the new term of supervised release, if within the court's statutory authority, was unwarranted and in violation of 18 U.S.C. § 3553(a), particularly the "parsimony" doctrine, which provides that the sentence imposed should be the least severe sanction necessary to achieve the purpose of sentencing. We disagree.

This court addressed whether an additional term of supervised release exceeds the district court's statutory authority in United States v. Walker, 513 F.3d 891 (8th Cir. 2008), under facts identical to those presented here. Like Defoor, Walker was sentenced to 24 months of imprisonment and a 12-month term of supervised release when the district court revoked a term of supervised release imposed after he was convicted of a Class C and D felony. Id. at 893. Walker claimed the additional term of supervised release exceeded the punishment authorized by 18 U.S.C. § 3583, as Defoor does. Id. The Walker court analyzed the applicable provisions of § 3583 and concluded that the "sentence of 24 months of imprisonment plus a term of 12 months of supervised release does not exceed the term of supervised release authorized by 18 U.S.C. § 3583." Id. For the reasons set forth in Walker, we conclude the district court did not exceed its statutory authority in sentencing Defoor.

We interpret Defoor's argument that the new term of supervised release was unwarranted and inconsistent with 18 U.S.C. § 3553(a) as a challenge to the reasonableness of the sentence. See United States v. Cotton, 399 F.3d 913, 916 (8th Cir. 2005) (holding that the Booker "reasonableness" standard applies to revocation

proceedings).  We review the reasonableness of a sentence under a deferential abuse-of-discretion standard.  <u>Gall v. United States</u>, 128 S. Ct. 586, 597 (2007).

We hold that the district court did not abuse its discretion in sentencing Defoor to a 12-month term of supervised release, in addition to 24 months of imprisonment. Defoor violated the terms of his supervised release just three months after his release from prison.  His violations included a serious act of violence.  The district court considered these circumstances, as well as the need to protect society, Defoor's criminal history, and Defoor's need for medical help and counseling, in determining his sentence.  The resulting sentence was not unreasonable.

We affirm the judgment of the district court.

_____