# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 08-1303

———————

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | *   Appeal from the United States |
| v. | *   District Court for the |
| | *   Western District of Missouri. |
| Frenklyn Piggie, | * |
| | *   [UNPUBLISHED] |
| Appellant. | * |

———————

Submitted: March 5, 2009
Filed:  March 9, 2009

———————

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

Frenklyn Piggie appeals the 24-month prison sentence the district court[1] imposed after revoking his supervised release, arguing that the district court erred in sentencing him above the advisory Guidelines range.

Piggie's sentence, which does not exceed the statutory maximum, is not unreasonable.  See 18 U.S.C. §§ 924(a)(2) (maximum prison term for felon in possession is 10 years), 3559(a)(3) (felony is Class C if maximum term of

———————

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

imprisonment is less than 25 years but 10 or more years), 3583(e)(3) (for Class C felony, maximum term of imprisonment upon revocation of supervised release is 2 years); United States v. Tyson, 413 F.3d 824, 825 (8th Cir. 2005) (per curiam) (revocation sentences are reviewed for unreasonableness in accordance with United States v. Booker, 543 U.S. 220 (2005)).

The sentence resulted from the court's consideration of proper factors under 18 U.S.C. § 3553(a), including Piggie's personal history, persistent drug use, and inability to reform his behavior despite the leniency shown to him while he was on supervised release. See 18 U.S.C. §§ 3583(e) (specifying § 3553(a) factors courts must consider in revocation decision), 3553(a)(1) (nature and circumstances of offense and history and characteristics of defendant), 3553(a)(2)(C) (need for sentence imposed to protect public from further crimes of defendant); see also United States v. Nelson, 453 F.3d 1004, 1006 (8th Cir. 2006) (appellate court reviews revocation sentence to determine whether it is unreasonable in relation to, inter alia, advisory Guidelines range and § 3553(a) factors).

Accordingly, we affirm, and we grant counsel's motion to withdraw.

_____