**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff – Appellee.

v.

CARL W. RAYMONDE,

      Defendant - Appellant.

No. 10-1078
(D.C. No. 1:00-CR-00424-LTB-1)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Circuit Judge, **TACHA**, and **O'BRIEN**, Circuit Judges.

---

Carl W. Raymonde appeals from the district court's revocation of his supervised

release. He claims the 24-month sentence of imprisonment imposed for his second

violation of the terms of supervised release is unreasonable. We affirm.[†]

---

[*] Oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). We have decided this case on the briefs.

    This order and judgment is an unpublished decision, not binding precedent. 10th Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1. It is appropriate as it relates to law of the case, issue preclusion and claim preclusion. Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A). Citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished). *Id.*

[†] Our jurisdiction derives from 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

## I.    BACKGROUND

In 2001, Raymonde pled guilty to one count of possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court sentenced him to 33 months imprisonment[1] and imposed a three-year term of supervised release with special conditions.[2] Raymonde's supervised release commenced on May 17, 2007. Not five months later, in October, 2007, he began violating its terms by failing to: (1) report to the probation office as instructed; (2) submit written reports; (3) permit contact by his probation officer; (4) participate in mental health treatment as directed by his probation officer; and (5) participate in drug treatment as directed by his probation officer.

On February 20, 2008, after repeated violations, the government filed a petition to revoke Raymonde's supervised release. At the October 23, 2008 hearing on the matter, Raymonde admitted to all of the violations alleged. The policy provisions of Chapter 7 of the United States Sentencing Guidelines recommended a sentencing range of 8 to 14 months imprisonment.[3] *See* U.S.S.G § 7B1.4(a). Despite the advisory range, the probation officer recommended, with the agreement of the parties, that the court decline

---

[1] The "original Guideline range was 57 to 71 months, but based upon the motion of the government [the district court] departed downward to a sentence of 33 months." (R. Vol. III at 18.)

[2] The conditions on release required Raymonde to participate in mental health and drug abuse treatment programs, submit to drug testing, and abstain from using intoxicants during treatment. The district court imposed these conditions "to help" Raymonde help himself. (R. Vol. III at 27.)

[3] The district court determined "[u]nder the policy statements of advisory Sentencing Guidelines, the most serious grade of violation charged here is a Grade C violation . . . [and Raymonde had a] Criminal History Category of VI under these Guidelines." (R. Vol. III at 17.)

to impose a prison sentence and instead re-impose a term of supervised release. The district court considered the recommendation "counterintuitive," but nonetheless revoked and reinstated Raymonde on supervised release to continue until May 16, 2010. (R. Vol. III at 26.) In addition to the original conditions of his release, the district court also added the following: (1) take all medications prescribed by treating physician, and cooperate with random blood tests to ensure that a therapeutic level of his prescribed medications is maintained; and (2) reside in a residential reentry center for six months.[4] The judge told Raymonde: "This is it. If you are back here, you know, I would have no alternative but to impose a prison sentence." (*Id.* at 26.) It made clear Raymonde needed to "dot [his] Is and cross [his] Ts . . . ." (R. Vol. III at 28.)

Despite the court's warnings, not a year passed before Raymonde again violated the conditions of his supervised release for failing to: (1) submit written reports; (2) notify his supervisory officer of change in residence; and (3) participate in mental health treatment as directed by his probation officer. The government filed a second petition to revoke and, on March 1, 2010, the district court held another hearing. Raymonde again admitted to all of the alleged violations. Chapter 7 provisions of the guidelines, again, recommended a sentencing range of 8 to 14 months imprisonment. The statutory maximum term for imprisonment, however, was 24 months because Raymonde's "original offense of conviction was a Class C felony." (Appellant Supp. R. Vol. 1 at 5.);

---

[4] The judge encouraged Raymonde's cooperation in his rehabilitation underscoring that the "feds [as Raymonde called Federal officers, including his probation agent] are here to help you . . . ." (R. Vol. III at 29.)

s*ee* 18 U.S.C. § 3583(e)(3).

This time, the probation officer recommended the statutory maximum of 24 months imprisonment.[5] The parties, however, requested lower sentences based, in part, on Raymonde's "useful and valuable information" provided to law enforcement. (Appellant Supp. R. Vol. I at  12-13.)  The government sought "a sentence of . . . approximately four months" imprisonment to be followed by "supervised release for the maximum term available." (*Id*. at 11-12.)  Raymonde requested a "downward departure" from the sentence range set forth in the guidelines based on his "substantial assistance to law enforcement" and the court's consideration of his personal circumstances, including "various emotional issues concerning the health of his parents." (*Id.* at 12-13.)

After a thorough discussion with Raymonde, his counsel, and the government, the court determined an "upward depart[ure] [was] warranted . . ." and imposed a prison sentence of twenty-four months to be served consecutively to the state sentence

---

[5] The Probation officer justified his recommendation by noting Raymonde had been involved in a stand-off with Denver police officers in connection with his supervised release arrest warrant and had

> [failed] to attend treatment as required . . . reverted to the use of illicit substances and turned his back on those who were in the best position to assist him . . . and is viewed as being an extreme risk to both himself and others, and a lengthy custodial sentence is being recommended  . . . to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed medical care in the most effective manner.

(Appellee Supp. R. Vol. II at 8-9.)   Raymonde's counsel offered the district court his own, more benign, explanation of the standoff with Denver police, but supplied no evidence.  (Appellant Supp. R. Vol. I at 13-14.)

Raymonde was currently serving.[6] (Appellant Supp. R. Vol. I at 15, 21.) It observed deterrence was important as Raymonde was a risk to himself as well as to the public. It cogently detailed its reasons for the length of Raymonde's sentence which included: Raymonde's previous violations of both his federal and state supervised release; his criminal history involving loaded handguns, methamphetamine, and items indicating the manufacture of methamphetamine in connection with the original conviction; and his incredible story that his cooperation with law enforcement officers justified his possession of firearms. Significantly, the court also factored into its decision Raymonde's cooperation with law enforcement as well as his personal circumstances including his mental health issues. (Appellant Supp. R. Vol. I at 11-13, 21.)

## II. DISCUSSION

Raymonde requests "only . . . [a] reasonableness review of the substantive component of the sentence which he received." (Appellant Br. at 8-9.) He complains two years imprisonment is unreasonable in light of the guidelines' recommendation of 8 to 14 months and the facts and circumstances of this case.[7] We begin, as always, with

---

[6] Although the district court used the term "depart," (Appellant Supp. R. Vol. I at 21), we construe Raymonde's sentence as a variance from the applicable 8 – 14 month sentencing range. A departure occurs "when a court reaches a sentence above or below the recommended Guidelines range through application of Chapters Four or Five of the Sentencing Guidelines." *United States v. Atencio*, 476 F.3d 1099, 1101, n.1 (10th Cir. 2007), *overruled in part on other grounds by Irizarry v. United States*, 553 U.S. 708, 713 n. 1 (2008). A variance occurs "when a court enhances or detracts from the recommended range through application of § 3553(a) factors." *Id.*

[7] Specifically, Raymonde complains: "As far as the 'kinds of sentences' available, the policy statement in the Sentencing Guidelines provided adequate sentencing options for the district court. The upward departure was unnecessary and an abuse of discretion."

our standard of review:

> A sentence in excess of that recommended by the Chapter 7 policy statements will be upheld if it can be determined from the record to have been reasoned and reasonable. This is the same analysis as the reasonableness standard of review under *United States v. Booker* . . . . Our appellate review for reasonableness includes both a procedural component, encompassing the method by which a sentence was calculated, as well as a substantive component, which relates to the length of the resulting sentence. In *Gall v. United States* . . . , the Supreme Court identified failing to consider the § 3553(a) factors and failing to adequately explain the chosen sentence as forms of procedural error. On the other hand, a challenge to the sufficiency of the § 3553(a) justifications relied on by the district court implicates the substantive reasonableness of the resulting sentence.

*United States v. Steele*, 603 F.3d 803, 807-08 (10th Cir. 2010) (quotations and citations omitted).

Substantive reasonableness of the length of a sentence is reviewed under an abuse-of-discretion standard. *Id.* at 809 (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). "A district court abuses its discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." *Id.* (quoting *United States v. Landers*, 564 F.3d 1217, 1224 (10th Cir. 2009)). Accordingly, this Court will not disturb a district court's decision unless we have "a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *United States v. Ortiz*, 804 F.2d 1161, 1164 n.2 (10th Cir.1986). "This standard applies without regard to whether the district court imposes a sentence within or outside the advisory Guidelines range." *Steele*, 603 F.3d at 809.

---

(Appellant Br. at 12.)

Raymonde's sentence is both reasoned and reasonable. The district court considered the Chapter 7 policy statements and articulated its justification for varying from the recommended range. Although it did not explicitly reference § 3553(a), a "district court need not 'march through § 3553(a)'s sentencing factors,' nor do we 'demand that the district court recite any magic words to show that it fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider.'" *United States v. Verdun-Garcia*, 516 F.3d 884, 898 (10th Cir. 2008) (quoting *United States v. Rines*, 419 F.3d 1104, 1107 (10th Cir. 2005)). The court plainly took those factors[8] into consideration, discussing the nature and circumstances of Raymonde's repeated supervised release violations and his criminal history. It also considered the need for Raymonde's sentence to promote respect for the law, afford adequate deterrence to criminal conduct, and protect the public from a defendant's future criminal activity under § 3553(a)(2)(A)-(C), noting: "I think you are a risk to yourself and the public, and deterrence is very important here . . . I don't think continued supervised release is going to be productive . . . ." (Appellant Supp. R. Vol. I at 20.)

Raymonde relies on an Eighth Circuit decision, *United States v. Defoor*, 535 F.3d

---

[8] The factors to be considered are:

(1) offense and offender characteristics; (2) the need for a sentence to reflect the basic aims of sentencing, namely (a) just punishment (retribution), (b) deterrence, (c) incapacitation, (d) rehabilitation; (3) the sentences legally available; (4) the Sentencing Guidelines; (5) Sentencing Commission policy statements; (6) the need to avoid unwarranted disparities [between defendants]; and (7) the need for restitution.

*Rita v. United States*, 551 U.S. 338, 347-48 (2007) (quotations omitted) (discussing 18 U.S.C. § 3553(a)(1)-(7)).

763 (8th Cir. 2008), in aid of his proportionality/disparity argument.  There, the appellate court affirmed a sentence identical to Raymonde's based on Defoor's commission of a violent aggravated assault in violation of supervised release.  Raymonde argues his violations are minimal in comparison.  We are not persuaded for several reasons.

First, while sentencing disparity is still a factor to be considered, *see* U.S.C. § 3553(a)(6), district courts now have wide latitude in imposing sentences at variance with the guidelines, *see Gall*, 552 U.S. at 46-47 (citing *United States v. Booker*, 543 U.S. 220 (2005)), and to disagree with the Sentencing Commission's policy considerations.  *See Spears v. United States*, --- U.S. ----, ----, 129 S. Ct. 840, 843-844 (2009) (holding district courts are entitled to vary from the guidelines based on a policy disagreement with those guidelines); *see also Kimbrough v. United States*, 552 U.S. 85, 91, 101-102 (2007). Consequently, sentencing decisions will inevitably be less than uniform.  Second, Defoor's extreme misconduct cannot become a sentencing yardstick – a wide range of conduct less egregious than Defoor's can reasonably justify a maximum sentence of two years.  Finally, a scavenger hunt for the most extreme conduct subject to a statutory cap is unlikely to support disparity arguments.  The empirical evidence animating the sentencing recommendations in the guidelines are a much better measure of disparity. The district court need only explain why the case at bar, in its experience and judgment, warrants differential treatment.  That was done here.  The sentence imposed was reasoned and reasonable.

**AFFIRMED**.

Entered by the Court:

**Terrence L. O'Brien**
United States Circuit Judge