# United States Court of Appeals
## For the Eighth Circuit

———————————————————

No. 19-3071

———————————————————

United States of America

*Plaintiff - Appellee*

v.

Charles Leroy Fox

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Northern District of Iowa - Sioux City

——————————

Submitted: April 16, 2020
Filed: June 4, 2020
[Unpublished]

——————————

Before KELLY, WOLLMAN, and STRAS, Circuit Judges.

——————————

PER CURIAM.

After Charles Leroy Fox violated the conditions of his supervised release, the district court[1] revoked his supervision and sentenced him to 36 months' imprisonment.

———————————————

[1]The Honorable Leonard T. Strand, Chief Judge, United States District Court for the Northern District of Iowa.

Reviewing *de novo*, we hold that the district court did not impose a sentence in excess of the statutory maximum. See United States v. Walker, 513 F.3d 891, 893 (8th Cir. 2008) (standard of review).

Fox pleaded guilty in 2009 to conspiracy to manufacture 5 grams or more of actual methamphetamine after having been convicted of a felony drug offense, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 846, and 851. Because he previously had been convicted of a serious drug felony, Fox's statutory sentencing range was 10 years' to life imprisonment, to be followed by a minimum term of 8 years of supervised release. See 21 U.S.C. § 841(b)(1)(B). The district court sentenced him to 102 months' imprisonment to be followed by 8 years of supervised release. Following his release in 2015, Fox's supervised release was revoked twice, with the district court imposing revocation sentences of 12 months' imprisonment to be followed by 8 years of supervised release, and 24 months' imprisonment to be followed by 5 years of supervised release.

Fox argues that his revocation sentence violates 18 U.S.C. § 3583(e)(3), which provides, in relevant part, that upon revocation the district court may "require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release." Fox interprets the statute as precluding the imposition of a sentence that exceeded the 5 years of his most recent term of supervised release. Fox further argues that the district court was required to consider his revocation sentences in the aggregate, and thus, when added to his prior revocation sentences, his 36-month term of imprisonment exceeded the 5-year statutory maximum. See United States v. Two Crow, 781 Fed. App'x 562, 563 (8th Cir. 2019) (per curiam) (J. Kelly dissenting) ("We have yet to squarely confront whether this second 'all or part' limitation operates as another per-revocation limitation or instead limits the aggregate amount of time that a defendant may spend in prison on revocation sentences to the term of supervised release originally authorized by § 3583(b).").

Fox's interpretation is misplaced. We have held that it is the defendant's original offense that determines the statutory maximum in § 3583(e)(3), even if the defendant is serving a term of supervised release following a revocation sentence. See United States v. Perkins, 526 F.3d 1107, 1110 (8th Cir. 2008). The statute authorizing supervised release for Fox's original offense does not limit the term of supervised release that the district court may impose. See 21 U.S.C. § 841(b)(1)(B) (mandating a minimum 8-year term of supervised release when a defendant has been previously convicted of a serious drug felony). Fox's most recent revocation sentence thus did not limit his term of imprisonment, and so the district court did not err in sentencing Fox to 36 months' imprisonment. Even if we were to consider revocation sentences in the aggregate, Fox's sentence does not result in a term of imprisonment in excess of the term of supervised release authorized by statute.

The sentence is affirmed.

_____