# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-2594

_____

United States of America

*Plaintiff - Appellee*

v.

Bryan Scott Holm, also known as Bryan Holm

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: April 10, 2023
Filed: June 16, 2023
[Unpublished]

_____

Before SMITH, Chief Judge, MELLOY and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Bryan Holm was convicted of being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and sentenced to a term of imprisonment of 96 months to be followed by 36 months of supervised

release. Since his original release from custody, the district court[1] has revoked Holm's supervision three times, resulting in further incarceration. On January 8, 2020, Holm was sentenced to an imprisonment term of 49 days. On December 9, 2020, the district court imposed an eight-month term of imprisonment. Lastly, based on the violations underlying this appeal, on July 18, 2022, the district court imposed a term of imprisonment of 24 months.

On appeal, Holm asserts his instant 24-month revocation sentence exceeds the statutory maximum sentence available. Holm contends that the district court failed to consider his prior revocation prison service when calculating the applicable statutory maximum term of revocation imprisonment.

We review the legality of a revocation sentence *de novo*. See United States v. Walker, 513 F.3d 891, 893 (8th Cir. 2008) (citation omitted). The statute governing maximum revocation sentences provides that upon revocation:

> The court may . . . require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, . . . except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation . . . more than 2 years in prison if such offense is a class C or D felony[] . . . .

18 U.S.C. § 3583(e)(3). Holm's maximum revocation prison sentence is two years. See United States v. Piggie, 313 F. App'x 918, 919 (8th Cir. 2009) (per curiam) (citations omitted) (recognizing a § 924(a)(2) violation is a class C felony).

Holm's argument that his most recent sentence violates the maximum term set forth in § 3583(e)(3) is foreclosed by precedent. See United States v. Lewis, 519 F.3d 822, 824-25 (8th Cir. 2008) (citation omitted) (stating the maximum available

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

revocation sentence is determined "without reference to imprisonment imposed for other revocations"). Under Lewis, Holm's revocation sentence does not violate § 3583(e)(3)'s 24-month statutory maximum even though Holm has previously served time for other revocations. Id.; see also United States v. Hergott, 562 F.3d 968, 970 (8th Cir. 2009) (citation omitted) (noting that, in 2003, § 3583(e)(3) was amended to allow a 60-month term of imprisonment on each revocation).

Seeking to avoid application of Lewis, Holm claims the "all or part" and/or "without credit" clauses of § 3583(e)(3) require courts to credit past revocation prison service when determining the statutory maximum sentence available to a new revocation violation. While the Court in Lewis did not specifically address the "all or part" or "without credit" clauses, the clauses were present in § 3583(e)(3) when Lewis was decided and are unchanged today. Furthermore, nothing in the language of the clauses undermines the Lewis holding.

While the Eighth Circuit has yet to specifically address whether the "all or part" limitation in § 3583(e)(3) operates as a per-revocation limitation or limits the aggregate amount of time a defendant can spend in prison on revocation sentences to the originally authorized term of supervised release, but see United States v. Two Crow, 781 F. App'x 562, 563-64 (8th Cir. 2019) (Kelly, J., dissenting) (per curiam), arguments similar to Holm's have been uniformly rejected by the circuit courts that have considered the question. See, e.g., United States v. Spencer, 720 F.3d 363, 368-70 (D.C. Cir. 2013) (collecting cases) ("[H]ad Congress intended the first half of § 3583(e)(3) to require aggregation, it would not have amended the second half of the statute [to add the phrase 'on any such revocation'] to preclude such an interpretation." (citation omitted)).

Holm also argues that the "without credit" clause's mandate that defendants not receive credit for time served on "postrelease supervision" coupled with the statute's silence as to prior revocation prison service, gives rise to an implication that Congress intended that defendants receive credit for prior revocation prison service. Before Congress adopted amendments to the "except" clause, a few courts

-3-

had endorsed Holm's position.  <u>See, e.g.</u>, <u>United States v. Williams</u>, 425 F.3d 987, 988-89 (11th Cir. 2005) (per curiam) (applying the 1991 version of § 3583(e)(3)). But circuits that have analyzed the current version of § 3583(e)(3) have consistently rejected this argument and concluded that the "without credit" clause does not require aggregation.  <u>See, e.g.</u>, <u>United States v. Hampton</u>, 633 F.3d 334, 340 (5th Cir. 2011).  More fundamentally, the "without credit" clause's plain text requires only that defendants not receive credit for prior service on "postrelease supervision." <u>See</u> <u>United States v. Bewley</u>, 27 F.3d 343, 344 (8th Cir. 1994).  A close reading of the "without credit" clause does not textually or by implication require that defendants receive credit for prior prison service.

For the foregoing reasons, we affirm the judgment of the district court.

_____