United States Court of Appeals

For the Eighth Circuit

_____

No. 24-1770
_____

United States of America

*Plaintiff - Appellee*

v.

Hombra Lavail Williams

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern
_____

Submitted: March 17, 2025
Filed: June 26, 2025
[Unpublished]
_____

Before COLLOTON, Chief Judge, ERICKSON and GRASZ, Circuit Judges.
_____

PER CURIAM.

Hombra Lavail Williams appeals from a revocation sentence imposed by the district court[1] after he admitted to a number of violations of his supervised release conditions, including conduct related to a pending state charge for operating a motor

_____

[1]The Honorable Leonard T. Strand, United States District Judge for the Northern District of Iowa.

vehicle while intoxicated ("OWI") (third offense). Williams contends the district court abused its discretion when it ordered the revocation sentence to run consecutively to the state OWI cases and when it imposed an additional term of supervised release. We affirm.

On April 1, 2022, Williams was released to supervision after serving a 72-month sentence for possession of a firearm by a prohibited person. When Williams failed to comply with drug and alcohol testing requirements, admitted to using alcohol, and was arrested for OWI (second offense), the district court modified Williams' release conditions to require him to reside at a residential reentry center for a period of up to 120 days and participate in remote alcohol testing. After the modification, Williams failed to report for testing as instructed on three occasions, and less than a month after being released from the Waterloo Residential Correctional Facility, Williams was arrested for OWI (third offense).

At the revocation hearing, Williams admitted to all eight categories of violations listed in the petition for revocation. The parties agreed that Williams' criminal history category was VI and the most serious violation was grade B, which yielded an advisory revocation Sentencing Guidelines range of 21 to 24 months. The district court rejected Williams' recommendation for a 19-month sentence to run concurrent with any state sentence imposed for OWI. The court highlighted Williams' "terrible" and lengthy criminal history, his multiple convictions for OWI, and his inability to follow release conditions. The court expressed concern that Williams, now age 47, had made a career of "committing new crimes and putting the public at danger." Concluding the time for leniency had passed, the district court imposed a 23-month sentence to be served consecutively to any state sentence imposed in the OWI cases, noting it would have sentenced Williams to a longer term—in the range of 36 to 48 months but for the 24-month statutory maximum.

The district court's one month reduction from the maximum sentence accounted for Williams' acceptance of responsibility. Following release from custody, the district court ordered Williams to serve one year on supervised release.

On appeal, Williams contends the district court committed procedural error when it seemed to imply "extraordinary circumstances" must be present before it could order concurrent sentences. The record does not support Williams' claim. The record shows that when determining Williams' sentence, the district court considered permissible sentencing factors along with the Sentencing Guidelines provision, U.S.S.G. § 7B1.3(f), that provides for the imposition of a consecutive sentence. See also 18 U.S.C. § 3584 (requiring sentencing courts to consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when determining whether to impose consecutive or concurrent terms).

This Court reviews the district court's decision to impose a consecutive sentence for reasonableness. United States v. Roe, 9 F.4th 754, 755 (8th Cir. 2021). We review the substantive reasonableness of a sentence under an abuse of discretion standard. United States v. Miller, 557 F.3d 919, 922 (8th Cir. 2009). We apply a presumption of reasonableness when the sentence is within the Guidelines range. United States v. Wilkins, 909 F.3d 915, 917 (8th Cir. 2018).

Williams has not offered any basis to show the district court abused its sentencing discretion. The court relied on permissible sentencing factors, including Williams' repeated violations of supervised release conditions and the need to protect the public, and it adequately explained the reasons for its sentence. Furthermore, after expressing skepticism as to Williams' request for a concurrent sentence, the district court gave counsel an opportunity to identify "a good reason" for doing so. Counsel responded by asking the court to use its discretion and impose a sentence that is "just" under the circumstances. Given the nature of his criminal history and his inability to comply with the law or release terms, Williams has not offered any convincing argument as to why the district court's decision to order a consecutive sentence was unreasonable or an abuse of discretion. See United States v. Johnson, 827 F.3d 740, 745 (8th Cir. 2016) (determining the district court did not abuse its discretion when it ordered a 24-month revocation sentence to run consecutive to any yet-to-be-imposed state sentence for domestic violence, resisting arrest, and misdemeanor assault).

Upon careful review of the record and Williams' arguments, we conclude the district court did not abuse its sentencing discretion when it imposed a 23-month sentence, nor did it act unreasonably when it declined Williams' request for the sentence to run concurrent with any sentence imposed in the state OWI cases.

Williams also challenges the additional term of supervised release that the district court imposed following his release from custody. He acknowledges that the district court considered valid factors when deciding to impose an additional supervision term, but argues the court erred since nothing more can reasonably be gained from placing him back on supervision. Nor does Williams contest the district court's authority to impose an additional term of supervised release or its length. See 18 U.S.C. § 3583(h) (authorizing both an imprisonment term and additional supervised release term). Instead, he claims additional supervision is unwarranted. This Court construes a defendant's argument that a new term of supervised release is unwarranted as a challenge to the reasonableness of the sentence. United States v. Defoor, 535 F.3d 763, 764 (8th Cir. 2008). Permissible considerations for imposing an additional term of supervision include: the timing of the violations, the nature of the violations, the need for services such as medical help and counseling, a defendant's criminal history, and the need to protect society. Id. at 765.

The district court was faced with a defendant who had demonstrated an inability to meet the goals of supervision and posed a risk to the public. He had been on supervision for less than a year when he began to violate release conditions. After the court decided to modify Williams' conditions rather than revoke his release, Williams continued to violate the terms of his release by failing to report for testing as directed. Less than three weeks after completing his stay at a residential reentry center, Williams was arrested for OWI (third offense). Williams' failure to participate in substance abuse testing, his continued use of alcohol, and his two arrests for OWI while on supervised release are permissible factors the court may consider when deciding the appropriate sentence. Williams has not shown that the district court's decision to impose an additional year of supervised release was unreasonable.

We affirm the judgment of the district court.

_____