# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1262

_____

United States of America,                    *
                                              *
    Plaintiff - Appellee,                 *
                                              *    Appeal from the United States
v.                                            *    District Court for the
                                              *    Northern District of Iowa.
Mark Anthony Cooper,                          *
                                              *
    Defendant - Appellant.                *

_____

Submitted:  November 16, 1998

Filed:  March 18, 1999

_____

Before BEAM, LAY, and LOKEN, Circuit Judges.

_____

LOKEN, Circuit Judge.

Mark Anthony Cooper pleaded guilty to unlawfully transporting explosive materials in violation of 18 U.S.C. §§ 842(a)(3)(A) and 844(a).  The district court sentenced him to time served and two years of supervised release.  Cooper appeals the imposition of eight special conditions of supervised release.  Two of the conditions are moot because Cooper has completed a three-month residency at the Gerald Hinzman Community Corrections Center, and the district court has removed the condition prohibiting him from entering Jones County without probation office

consent. We affirm the remaining special conditions, except the condition prohibiting Cooper from employment as a truck driver.

## I.

Cooper is a former Army explosives expert who brought C4 explosives to his home many years ago while working in a Marine Corps explosives disposal unit. After his discharge, Cooper moved the explosives with him from South Carolina to Iowa and put them in a rented storage locker. They were discovered in a warrant search based upon information furnished by Cooper's eleven-year-old daughter. Marijuana seeds, baggies, and syringes were also found in the locker. At the time, Cooper was employed as an over-the-road truck driver.

The district court held a pretrial detention hearing. The Iowa Department of Human Services reported that Cooper's daughter was in state custody after alleging that Cooper "put bruises on her legs," physically abused his wife and two children, and "disappeared for periods of three to four weeks at a time," and that her parents both used marijuana in their home. Mrs. Cooper testified that Cooper accidentally shot her through the door of their California home in 1982. Assault and firearm charges were pending against Cooper in state court for bringing to a police station at gunpoint a drug dealer whom Cooper suspected of cheating his wife in a marijuana purchase. The district court ordered Cooper detained as a danger to the community pending trial.

Prior to trial, Cooper moved for a competency hearing, and the court ordered a mental evaluation. A forensic psychologist reported that Cooper suffered major depression requiring "crisis intervention," but that he refused to be evaluated for anti-depressant medication. Pursuant to court order, Cooper was then hospitalized for treatment at the Federal Medical Center in Springfield, Missouri. After he began taking the prescribed anti-depressant medications, Cooper's mental condition

improved dramatically and he was released to the Hinzman Center in Cedar Rapids. He was then declared competent to stand trial and pleaded guilty to the explosives charge.

Prior to sentencing, the probation office opposed Cooper's request for a holiday release from the Hinzman Center because of reports he had abused his wife and children, and because his wife's state probation officer had urged her to have no contact with Cooper. On the eve of the sentencing hearing, the probation office reported that Cooper was taking his anti-depressant medication but his cooperation was "minimal at best." A psychiatrist reported that Cooper's mood improved when he is on medication, but he would probably cease taking medication if removed from a controlled environment. The probation office also reported Cooper's admission that, when employed as a truck driver prior to his detention, he would purchase one-half gallon of whiskey for himself and his wife each weekend, and a statement by his mother-in-law that the couple argued all the time but more when Cooper was drinking.

At the conclusion of the sentencing hearing, the district court imposed stringent special conditions because Cooper had previously been "non-functional" and "suicidal," his prior conduct was " not . . .[that] of a reasonable, nondangerous person," and medication made a "tremendous difference" in Cooper's attitude and behavior. The court observed that the case had "gotten more difficult as time has gone on . . . in large part because of Mr. Cooper's refusal to address the fact he has a problem that needs to be addressed and to accept the help and the assistance that's out there."

## II.

Sentencing judges have discretion to impose special conditions of supervised release so long as the conditions are reasonably related to the sentencing factors enumerated in 18 U.S.C. § 3553(a), involve no greater deprivation of liberty than is

reasonably necessary, and are consistent with the Sentencing Commission's pertinent policy statements. See 18 U.S.C. § 3583(d); United States v. Bass, 121 F.3d 1218, 1223 (8th Cir. 1997); United States v. Prendergast, 979 F.2d 1289, 1292-93 (8th Cir. 1992). The relevant statutes and Guidelines provisions set forth numerous discretionary conditions that a sentencing court is urged to impose when they are consistent with the broad statutory objectives of sentencing. See 18 U.S.C. § 3563(b) (discretionary conditions of probation, incorporated by reference in 18 U.S.C. § 3583(d)); U.S.S.G. § 5D1.3(c)-(e) (recommended "standard" and "special" conditions). Applying these standards, we review the special conditions imposed in this case for abuse of the district court's broad sentencing discretion.

Prohibition on Over-the-Road Truck Driving. The most difficult issue is Cooper's challenge to the special condition prohibiting him "from employment as a truck driver if it involves absence from Cedar Rapids, IA., for more than 24 hours." This condition effectively bars Cooper from his pre-detention occupation. He earned approximately $500 per week as an over-the-road trucker, substantially more than he has been able to earn at various other jobs since his supervised release. Cooper argues this condition is not reasonably related to his offense and imposes an overly-harsh financial hardship on himself and his dependents. We agree.

The Government argues this is not an occupational restriction, but rather a geographical limitation that reasonably ensures effective monitoring of Cooper by the probation office and compliance with special conditions such as random urinalysis and mental health treatment. This contention is without merit. The condition is an explicit occupational prohibition and therefore is subject to the limitations on imposing such conditions found in U.S.S.G. § 5F1.5(a):

> (a) The court may impose a condition of probation or supervised release prohibiting the defendant from engaging in a specified occupation,

business, or profession, or limiting the terms on which the defendant may do so, only if it determines that:

(1) a reasonably direct relationship existed between the defendant's occupation, business, or profession and the conduct relevant to the offense of conviction; and

(2) imposition of such a restriction is reasonably necessary to protect the public because there is reason to believe that, absent such restriction, the defendant will continue to engage in unlawful conduct similar to that for which the defendant was convicted.

These same limitations are found in 18 U.S.C. § 3563(b)(5), dealing with special conditions of probation. The legislative history of this statute confirms that Congress does not favor broad use of occupational prohibitions:

The condition may be imposed only if the occupation, business, or profession bears a reasonably direct relationship to the nature of the offense. . . . The Committee recognizes the hardship that can flow from preventing a person from engaging in a specific occupation . . . . This particular condition of probation should only be used as reasonably necessary to protect the public. It should not be used as a means of punishing the convicted person.

S. Rep. No. 98-225, at 96 (1983), reprinted in 1984 U.S.C.C.A.N. 3182, 3279. In this case, the occupational restriction bears *no* relationship to Cooper's offense of unlawfully transporting dangerous explosives to a storage locker many years ago. Compare United States v. Choate, 101 F.3d 562, 566 (8th Cir. 1996) (restriction on self-employment upheld because reasonably related to wire fraud offenses). Therefore, this virtually absolute occupational prohibition on out-of-town truck driving was an abuse of the district court's discretion.

The government argues the probation office cannot effectively monitor whether Cooper is taking his anti-depressant medication and abstaining from drug and alcohol use if he disappears from Cedar Rapids for three or four weeks at a time, as his young daughter accused him of doing when previously employed as an over-the-road trucker. However, as Cooper points out, interstate truck drivers are subject to strict government regulation of drug and alcohol use and are typically subject to work rules that permit employer monitoring while they are on the road. See 49 C.F.R. §§ 382.101-605, 395.8 (1997). On remand, the district court retains discretion to modify the standard conditions of supervised release to fit this situation. The objectives should be to permit effective monitoring of Cooper if he does obtain employment as an over-the-road truck driver, while avoiding giving a probation officer so much control over Cooper's out-of-town trips that no trucking company would be willing to employ him (for example, the present Standard Condition No. 1, unless modified, might authorize the probation officer to veto each and every out-of-town trucking assignment).

Alcohol Consumption Prohibition. Cooper argues the district court abused its discretion in imposing the condition that he abstain from "use of alcohol and . . . frequenting bars, taverns or other establishments whose primary source of income is derived from the sale of alcohol," because there is no evidence he has abused alcohol in the past, or that alcohol use contributed to commission of this offense. He relies on two cases in which we vacated similar conditions for this reason. See Bass, 121 F.3d at 1223-24; Prendergast, 979 F.2d at 1293.

This is a close question under the abuse of discretion standard. We agree with Cooper that there is no evidence linking alcohol consumption and the offense of conviction. But this special condition must only be related to "the goals of rehabilitation and protection." Prendergast, 979 F.2d at 1293. There is no concrete evidence of alcohol abuse, as there was in United States v. Wesley, 81 F.3d 482, 484

(4th Cir. 1996), and <u>United States v. Thurlow</u>, 44 F.3d 46, 47 (1st Cir.), <u>cert. denied</u>, 514 U.S. 1121 (1995).  But, unlike the records in <u>Bass</u> and <u>Prendergast</u>, there is some evidence that Cooper abused his wife and children, that he and his wife consumed large quantities of alcohol on weekends when he was employed as a truck driver, and that the couple argued more when Cooper had been drinking.  Given the other evidence of Cooper's propensity to violence and prior mental instability, and given the fact we have vacated the prohibition against his employment as an over-the-road truck driver -- an occupation particularly incompatible with alcohol consumption -- we conclude the district court did not abuse its discretion in imposing this special condition of his two-year supervised release.

Drug and Alcohol Testing and Treatment.  Cooper also challenges the special condition requiring that he participate in testing and treatment for drug and alcohol abuse "as directed by his probation officer."  Some testing for substance abuse is a mandatory condition of supervised release unless "ameliorated or suspended" by the district court.  <u>See</u> 18 U.S.C. §§ 3563(a)(5), 3583(d); U.S.S.G. § 5D1.3(a)(4).  Participation in an approved substance abuse program is a discretionary condition that may be imposed "[i]f the court has reason to believe that the defendant is an abuser of narcotics, other controlled substances or alcohol."  U.S.S.G. § 5D1.3(d)(4).  Here, there was evidence Cooper and his wife purchased and used marijuana in their home.  Evidence of marijuana use was found with the C4 explosives in his storage locker.  In these circumstances, the district court did not abuse its discretion in imposing this special condition.  "When it comes to controlled substances, unlike alcohol which can be consumed legally, a user is by definition an abuser."  <u>United States v. Simmons</u>, 130 F.3d 1223, 1224 (7th Cir. 1997).

Other Special Conditions.  We have little difficulty upholding the remaining special conditions imposed by the district court and challenged on appeal.  Cooper challenges the special condition that, "If deemed appropriate, [he] shall undergo

mental health counseling and treatment." This contention is without merit. His recent history of major depression, refusal to take anti-depressant medications, and conduct dangerous to himself and others clearly justify this limited special condition.

Similarly, the requirement that Cooper "participate in the Batterer's Education Program within 6 months, if ordered by the state juvenile court," was justified by the evidence that state officials have been concerned about Cooper's alleged domestic abuse. By limiting this condition to program participation ordered by the state court, the district court tailored it to "provide defendant with needed . . . correctional treatment" while avoiding a "greater deprivation of liberty than is reasonably necessary." U.S.S.G. § 5D1.3(b). Finally, Cooper objects to the special condition requiring him to "immediately provide the probation officer with all waivers previously requested and access to any requested psychiatric and medical records." This condition reasonably amplifies the standard condition that Cooper "answer truthfully all inquiries of the probation officer and follow the instructions of the probation officer." U.S.S.G. § 5D1.3 (c)(3). These two special conditions are not an abuse of the district court's discretion.

The judgment of the district court is modified to delete the special condition of supervised release prohibiting Cooper "from employment as a truck driver if it involves absence from Cedar Rapids, IA., for more than 24 hours." As so modified, the judgment is affirmed, and the case is remanded for such further sentencing proceedings as the district court may in its discretion deem appropriate.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.