**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 30 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

vs.

DAN REED GOODMAN,

    Defendant - Appellant.

No. 99-4125
(D.C. No. 95-CR-240-S)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.[**]

Defendant-Appellant Dan Reed Goodman pled guilty to one count of mail fraud, 18 U.S.C. § 1341, and pursuant to a stipulated offense level of 12 in the plea agreement, and a criminal history category of III, was sentenced to twenty-one months and three years of supervised release. Restitution was also imposed based upon a stipulated amount, $438,512. But for the stipulation, Mr.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

Goodman's offense level would have been higher (23), resulting in a longer guideline range (57-60 months) than the one actually used (15-21 months). Mr. Goodman appeals from the sentence. Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

Mr. Goodman's counsel filed an Anders brief, see Anders v. California, 386 U.S. 738 (1967), and seeks to withdraw. Mr. Goodman filed an unserved pro-se motion seeking leave to file a supplemental pro se brief. We have considered the arguments advanced in the brief, the pro se motion and reviewed the case independently.

Mr. Goodman did not object to the offense level calculated in the presentence report so any review would be for plain error. See FED. R. CRIM. P. 52(b); United States v. Norman, 129 F.3d 1393, 1398 (10th Cir. 1997). Because the only arguments advanced concern the offense level calculated in the presentence report and would not reduce Mr. Goodman's offense level below the stipulated offense level actually used, they are of no consequence and do not provide a valid basis for appeal.

Construing liberally, Mr. Goodman challenges the validity of certain special conditions attached to his supervised release, specifically that he not be self-employed, or operate as an independent contractor, officer, partner, or manager in any business or business entity, without prior approval of the

probation office.  The special conditions also provide that he may not have access to or control over third-party financial information, accounts or transactions, or be employed by a telemarketing venture.  He says that "I can understand being barred from Telemarketing . . . .  But being banned from self-employment or being an independent contractor seems to me to be in conflict with the Rules [18 U.S.C. § 3563(b)] along with reason."

We review imposition of special conditions of supervised release for an abuse of discretion.    See United States v. Cooper   , 171 F.3d 582, 585 (8th Cir. 1999) .  18 U.S.C. § 3583(d) states in pertinent part that a court may impose special conditions on terms of supervised release so long as the conditions "involve[] no greater deprivation of liberty than is reasonably necessary" to promote criminal deterrence, protection of the public, and effective correctional treatment.  In outlining what discretionary conditions a trial court may attach to a term of supervised release, § 3583(d) authorizes all the discretionary conditions of probation in 18 U.S.C. § 3563, including the following:

> that the defendant refrain, in the case of an individual, from engaging in a specified occupation, business, or profession bearing a reasonably direct relationship to the conduct constituting the offense, or engage in such a specified occupation, business, or profession only to a stated degree or under stated circumstances.

18 U.S.C. 3563(b)(5).

USSG § 5F1.5 also places limits on occupational restrictions imposed as

conditions of supervised release:

> (a)  The court may impose a condition of probation or supervised release prohibiting the defendant from engaging in a specified occupation, business, or profession, or limiting the terms on which the defendant may do so, only if it determines that:
>
>> (1) a reasonably direct relationship existed between the defendant's occupation, business, or profession and the conduct relevant to the offense of conviction; and
>>
>> (2) imposition of such a restriction is reasonably necessary to protect the public because there is reason to believe that, absent such restriction, the defendant will continue to engage in unlawful conduct similar to that for which the defendant was convicted.
>
> (b)  If the court decides to impose a condition of probation or supervised release restricting a defendant's engagement in a specified occupation, business, or profession, the court shall impose the condition for the minimum time and to the minimum extent necessary to protect the public.

USSG § 5F1.5.

As part of his plea agreement, Mr. Goodman acknowledged that he might be required to serve a period of supervised release subject to conditions specified by the district court.  I R. doc. 128 at 5.  First, we note that the challenged conditions only require prior approval of the probation office; they are not absolute bans and apply only during the period of supervised release.  See United States v. Peppe, 80 F.3d 19, 24 (1st Cir. 1996).  Moreover, there is plainly a direct relationship between Mr. Goodman's offense conduct on the count of conviction and the limitations in question.  See 18 U.S.C. § 3563(b)(2); USSG

- 4 -

5F1.5(a). Mr. Goodman's offense arose from the telemarketing scheme he devised as part of his own business. Although we lack factual findings keyed to the guideline, see United States v. Doe., 79 F.3d 1309, 1323 (2d Cir. 1996) (vacating conditions and remanding for lack of findings), it is apparent that the district court also believed that the restrictions were necessary to protect the public. See USSG § 5F1.5(a)(2); II R. (June 2, 1999 Tr. at 11) ("Now the thing I must do is weigh this and try to enter a sentence that I feel is fair and considerate in your interests and in the interest of the public and in the interest of those that have been victimized by this offense, which are many."). The district court was well within its discretion when it imposed the special conditions at issue, which require prior advance approval for Mr. Goodman to take up self-employment or become an independent contractor. See United States v. Choate, 101 F.3d 562, 566 (8th Cir. 1996) (upholding bar on self-employment as condition of supervised release). As we have considered Mr. Goodman's issue raised in his letter, there is no need for him to file a supplemental brief.

AFFIRMED. Appellate defense counsel's request for leave to withdraw is GRANTED; Mr. Goodman's motion to file a supplemental pro se brief is DENIED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge