# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2258

_____

United States of America

*Plaintiff - Appellee*

v.

Maurice Wilkins, also known as Face

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: September 24, 2018
Filed: November 27, 2018

_____

Before SMITH, Chief Judge, MELLOY and STRAS, Circuit Judges.

_____

MELLOY, Circuit Judge.

Defendant Maurice Wilkins committed multiple violations of his supervised release, including an assault on his wife. The district court[1] revoked Wilkins's supervised release and sentenced him to twelve months' imprisonment with three

_____

[1] The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

years' supervised release. As a condition of his supervised release, the district court prohibited Wilkins from contacting his wife, either directly or indirectly, during the full term of his supervision. Wilkins appeals both the sentence and the no-contact condition, arguing that they are substantively unreasonable. We affirm.

## I. Background

Wilkins has a long criminal history. In 1994, he pled guilty to aggravated vehicle hijacking with a dangerous weapon and was sentenced to eight years' imprisonment. In 2003, he pled guilty to disorderly conduct, possession of a controlled substance, and harassment, and was fined. The basis for the harassment charge was an incident in which Wilkins threatened to kill his wife and then drove to her apartment and kicked her door down. In 2004, Wilkins pled guilty to one count of conspiracy to distribute 50 grams or more of cocaine base. He was sentenced to 210 months' imprisonment with five years' supervised release. Due to retroactive Guideline amendments, Wilkins's sentence was eventually reduced in 2011 to 135 months' imprisonment.

Wilkins's first term of supervised release began in April 2014. In the span of two years, Wilkins committed numerous violations of his supervised release. One of those violations involved Wilkins slapping his son and grabbing his wife's face and jaw. The violations resulted in Wilkins re-appearing before the district court five times. The first four times Wilkins returned to court, the district court responded by modifying the terms of his release. The fifth time, however, the district court revoked his supervised release and sentenced him to nine months' imprisonment with three years' supervised release. This Court affirmed that sentence on May 2, 2017.

The present case stems from Wilkins's second term of supervised release, which began in November 2016. Just five months after Wilkins started his second term of supervised release, a probation officer filed for revocation, alleging that

Wilkins: (1) failed to submit a required urine sample; (2) submitted a diluted urine sample; and (3) assaulted his wife by hitting her. During the sentencing hearing, Wilkins admitted these violations. All parties agreed that the appropriate Guidelines range was six to twelve months' imprisonment. The district court sentenced Wilkins to twelve months' imprisonment with three years' supervised release. It also prohibited Wilkins from contacting his wife during his supervised release.

## II. Standard of Review

We review revocation sentences "under the same 'reasonableness' standard that applies to initial sentencing proceedings." United States v. Merrival, 521 F.3d 889, 890 (8th Cir. 2008). Thus, the substantive reasonableness of a revocation sentence is reviewed "under a deferential abuse-of-discretion standard." Id. "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant [18 U.S.C. § 3553(a)] factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Kreitinger, 576 F.3d 500, 503 (8th Cir. 2009) (citation omitted). However, a district court is given "wide latitude in weighing relevant factors." United States v. Farmer, 647 F.3d 1175, 1180 (8th Cir. 2011). And, on appeal, we consider a sentence that falls within the Guidelines range to be presumptively reasonable. United States v. Petreikis, 551 F.3d 822, 824 (8th Cir. 2009).

We also review the "imposition of special conditions of supervised release for abuse of discretion." United States v. Hobbs, 710 F.3d 850, 852 (8th Cir. 2013). District courts have discretion to impose special conditions of supervised release "so long as the conditions are reasonably related to the sentencing factors enumerated in 18 U.S.C. § 3553(a), involve no greater deprivation of liberty than is reasonably necessary, and are consistent with the Sentencing Commission's pertinent policy statements." United States v. Cooper, 171 F.3d 582, 585 (8th Cir. 1999). The

relevant sentencing factors include: "the nature and circumstances of the offense of conviction, the defendant's history and characteristics, the deterrence of criminal conduct, the protection of the public from further crimes of the defendant, and the defendant's educational, vocational, medical, or other correctional needs." United States v. Deatherage, 682 F.3d 755, 758 (8th Cir. 2012) (citing 18 U.S.C. § 3583(d)). Importantly, "a court must make an individualized inquiry into the facts and circumstances underlying a case and make sufficient findings on the record so as to ensure that the special condition satisfies the statutory requirements." Id. (citation omitted).

## III. Analysis

We find that Wilkins's twelve-month revocation sentence was substantively reasonable. Wilkins argues that the district court inappropriately weighed the § 3553(a) factors by ignoring the progress he had made while on supervised release. District courts, however, are given "wide latitude" in weighing the factors. Farmer, 647 F.3d at 1179. Thus, the district court did not abuse its discretion in deciding to focus on Wilkins's long criminal history, numerous violations of supervised release, and violent tendencies instead of mitigating factors. These considerations more than justify the imposition of a sentence at the top of the Guidelines range.

We also find that Wilkins's no-contact condition was substantively reasonable. The district court imposed the no-contact condition specifically to protect Wilkins's wife. During the sentencing hearing, it recounted Wilkins's history of aggression, including the three instances in which Wilkins was violent toward his wife. The district court concluded that Wilkins "ha[s] a very serious problem with aggression" and that he was "a risk to harm other people, particularly [his] wife." Recognizing the gravity of the condition, the district court told Wilkins that "[t]here also would be a mechanism, if [he] g[o]t out of prison and stabilize[d] [him]self and stop[ped] abusing [his wife]," whereby it was "possible that [the no-contact condition] could

-4-

be lifted." It also ordered the probation office to work with Wilkins and his wife "to try to set up a method by which the child or children . . . [could] be exchanged for visitation purposes." Thus, the district court, after making an individualized inquiry into the facts, crafted a condition that was reasonably related to the sentencing factors yet involved no greater deprivation of liberty than was reasonably necessary. See Deatherage, 682 F.3d at 758. There was no abuse of discretion.

—————————————