# United States Court of Appeals

### For the Eighth Circuit

_____

No. 18-2952

_____

United States of America

*Plaintiff - Appellee*

v.

George Lamar Stigler

*Defendant - Appellant*

_____

No. 19-1504

_____

United States of America

*Plaintiff - Appellee*

v.

George Lamar Stigler

*Defendant - Appellant*

_____

Appeals from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: June 6, 2019
Filed: September 11, 2019
[Unpublished]
_____

Before LOKEN, WOLLMAN, and STRAS, Circuit Judges.
_____

PER CURIAM.

George Stigler challenges two conditions of supervised release: one that prohibits him from contacting his fiancée without his probation officer's approval and another that requires him to participate in a domestic-violence-prevention program. We affirm.

While on supervised release following a federal conviction for distributing heroin, Stigler was arrested on state charges of domestic-abuse assault after he allegedly hit his fiancée in the face multiple times. In response, the district court[1] imposed a new supervised-release condition prohibiting Stigler from contacting his fiancée without prior approval from his probation officer. Within two weeks, Stigler violated this condition at least eight times, which led the court to return him to prison for five months and impose a new 28-month term of supervised release that included the same restricted-contact condition as before. But the story does not end there.

While Stigler's appeal challenging the restricted-contact condition was pending, he was released from prison and, within just two months, violated the terms of release 21 times by leaving his home without permission. The district court once again revoked supervised release, but this time it did not return him to prison. Rather, it added a new 26-month term of supervised release that placed one more

_____

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

-2-

condition on him: mandatory attendance at a domestic-violence-prevention program. Stigler filed a second appeal, challenging the restricted-contact and domestic-violence-program conditions. We consolidated the two appeals.

Special supervised-release conditions like these are reviewed for an abuse of discretion. *United States v. Wilkins*, 909 F.3d 915, 918 (8th Cir. 2018). A district court has discretion to impose conditions that "are reasonably related to the sentencing factors enumerated in 18 U.S.C. § 3553(a), involve no greater deprivation of liberty than is reasonably necessary, and are consistent with the Sentencing Commission's pertinent policy statements." *Id.* (citation omitted); *see* 18 U.S.C. § 3583(d). We have applied this standard even when a condition potentially touches on a releasee's constitutional rights. *United States v. Deatherage*, 682 F.3d 755, 757–58 (8th Cir. 2012) (synthesizing "more than twenty" of our opinions).

Stigler's primary argument is that imposing the restricted-contact condition was an abuse of discretion because it violates his right to intimate association. In justifying this special condition, the district court explained that it protects the public, including Stigler's fiancée, and deters him from committing future crimes, both of which are sentencing factors that the court was entitled to consider. *See* 18 U.S.C. § 3583(d)(1); *see also id.* § 3553(a)(2)(B)–(C). Indeed, Stigler has a long history of harassing and abusive conduct, including a 2014 conviction for harassing an ex-girlfriend; over 250 violations of a state-court order forbidding contact with his fiancée; numerous violations of the restricted-contact condition; and allegations that he repeatedly hit his fiancée in the face. To be sure, Stigler denied ever physically abusing his fiancée, but the totality of the evidence, even aside from the allegations of physical abuse, more than justifies this condition.

The restricted-contact condition also does not involve a greater deprivation of liberty than is reasonably necessary. Even assuming that we must review the condition "carefully" because it affects the exercise of Stigler's First Amendment

rights, *Deatherage*, 682 F.3d at 764, it still stands up to review. We have previously held that a condition completely banning a defendant who had "a very serious problem with aggression" from contacting his wife was reasonably necessary. *Wilkins*, 909 F.3d at 918. So it stands to reason that a less burdensome condition that merely limits contact—instead of forbidding it altogether—with a fiancée rather than a spouse would also be reasonably necessary, particularly given the array of harassing behavior in this case.

The domestic-violence-program condition presents an even easier call. It is "reasonably related to [Stigler's] history" of abusive behavior and involves a lesser deprivation on his liberty than the restricted-contact condition. *United States v. Moore*, 860 F.3d 1076, 1078–79 (8th Cir. 2017) (upholding a supervised-release condition that required the defendant to attend a "treatment program for anger control/domestic violence" based on an earlier conviction for threatening an ex-girlfriend).

We accordingly affirm the judgments of the district court.

_____