# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-1250
_____

United States of America

*Plaintiff   Appellee*

v.

Jamare Saron Sidney, also known as Qualo

*Defendant   Appellant*
_____

Appeal from United States District Court
for the District of Nebraska - Lincoln
_____

Submitted: November 11, 2019
Filed: March 12, 2020
[Unpublished]
_____

Before GRUENDER, KELLY, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Jamare Sidney appeals after the district court[1] sentenced him to 60 months of imprisonment for violating the terms of his supervised release.  We affirm.

_____

[1]The Honorable Richard G. Kopf, District Judge for the District of Nebraska.

In 2009, Sidney pleaded guilty to conspiracy to deliver crack cocaine in violation of 21 U.S.C. § 846. He was sentenced to 121 months of incarceration, followed by five years of supervised release. In 2012, the court reduced his sentence to 120 months, pursuant to 18 U.S.C. § 3582(c)(2). Sidney began his term of supervised release in August 2016.

In March 2018, an Amended Petition for Warrant or Summons for Offender Under Supervision was filed. The Amended Petition alleged Sidney engaged in conduct on December 17, 2017, that violated the conditions of his supervised release. The alleged conduct also formed the basis for state criminal charges and, following a jury trial in Nebraska state court, Sidney was found guilty of possession of a firearm by a prohibited person. He was sentenced to 10 to 15 years of imprisonment.

In January 2019, the district court held a hearing to determine whether to revoke Sidney's term of supervised release. Sidney contested the allegations in the Amended Petition. The court heard testimony that a police officer saw Sidney take a gun from the trunk of a car, discharge the gun in a parking lot in downtown Lincoln, and then put the gun back into the trunk of the car. Other officers arrived, but were unable to stop Sidney from leaving. After pursuing Sidney, twenty-three officers were able to block his car from proceeding any further and Sidney was taken into custody. Officers then found an AK-47 in the trunk of Sidney's car. Also admitted into evidence were the information, verdict form, and sentencing order for Sidney's state conviction based on these same events. The district court found Sidney violated two conditions of his supervised release: the mandatory condition that he not possess a firearm, destructive device, or dangerous weapon; and the mandatory condition that he not commit another federal, state, or local crime. The advisory Guidelines range was 37 to 46 months. The district court imposed a sentence of 60 months, to be served consecutively to the underlying state sentence, with no supervised release to follow.

Sidney timely appeals, arguing that the district court imposed a substantively unreasonable sentence. We review the substantive reasonableness of a revocation sentence under the same abuse of discretion standard we apply to initial sentencing proceedings. United States v. Wilkins, 909 F.3d 915, 917 (8th Cir. 2018).

Sidney argues that the district court gave too much weight to the severity of his underlying state conviction when imposing the sentence. He points out that the Sentencing Commission has urged that sentences imposed for the violation of supervised release "should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." United States Sentencing Guidelines Ch.7, Pt.A, § 3(b) (2018). According to Sidney, the length of the sentence, which is above the advisory range, indicates the court imposed the sentence as punishment for the underlying violation, not merely a breach of trust.

We find no abuse of discretion. The district court noted this was not the first time Sidney committed a law violation while on supervised release, and it gave no indication that it was otherwise relying on improper factors when imposing Sidney's sentence.

The judgment of the district court is affirmed.

_____