# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 20-1056

———————————————

United States of America

*Plaintiff - Appellee*

v.

Matthew John Gietzen

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the District of North Dakota - Bismarck

——————————

Submitted:  June 15, 2020
Filed: August 3, 2020
[Unpublished]

——————————

Before GRUENDER, WOLLMAN, and KOBES, Circuit Judges.

——————————

PER CURIAM.

Matthew Gietzen pleaded guilty to conspiracy to distribute and possess with intent to distribute methamphetamine and conspiracy to distribute and possess with intent to distribute heroin, both in violation of 21 U.S.C. § 846.  The district court[1]

———————————

[1]The Honorable Daniel L. Hovland, United States District Judge for the District of North Dakota.

sentenced him to 60 months' imprisonment on both counts, to run concurrently, followed by a 3-year term of supervised release. Gietzen began his term of supervised release on May 18, 2018, after he was released from prison.

In July 2019, the probation office filed a petition to revoke Gietzen's supervised release, and he was arrested two days later. The petition alleged six violations of his supervised release conditions, including testing positive for methamphetamine, refusing to submit to a drug test, and using methamphetamine and marijuana on multiple occasions. According to the supervised release violation report, the advisory sentencing guidelines range was 7 to 13 months' imprisonment. At the end of September 2019, the district court sentenced Gietzen to time served and ordered that he serve an additional 12-month term of supervised release.

After Gietzen began his second term, the probation office filed a second petition to revoke his supervised release. It alleged four violations of his supervised release conditions: associating with felons, violating the rules of his residential re-entry center in December 2019, violating the rules of his residential re-entry center three times in September and October 2019, and failing to answer questions from his probation officer truthfully. An amended petition alleged a fifth violation based on the fact that Gietzen was terminated from his cognitive restructuring programming.

Gietzen admitted to three of the violations, and the district court found that the Government had proved the other two violations by a preponderance of the evidence. The district court determined that the violations were Grade C violations and found a criminal history category of V, resulting in an advisory sentencing guidelines range of 7 to 13 months' imprisonment. The district court sentenced Gietzen to 8 months' imprisonment with no further supervised release time. Gietzen appeals, arguing that his second revocation sentence is substantively unreasonable.

"We review a district court's revocation sentencing decisions using the same standards that we apply to initial sentencing decisions." *United States v. Miller*, 557

F.3d 910, 915-16 (8th Cir. 2009). "[W]e consider the substantive reasonableness of the length of the sentence under an abuse-of-discretion standard." *Id.* "A sentence is substantively unreasonable if the district court fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." *United States v. Lozoya*, 623 F.3d 624, 626 (8th Cir. 2010) (internal quotation marks omitted).

Gietzen argues that the district court did not properly consider mitigating factors, such as his sobriety and work history since his first revocation sentence. But the district court specifically "commend[ed]" Gietzen on his "apparent sober lifestyle" at the revocation hearing and noted again later in the hearing that Gietzen had "done reasonably well in terms of living a sober lifestyle." The district court also heard argument at the revocation hearing about where Gietzen had been working. Indeed, the district court asked Gietzen's counsel for clarification about the location of Gietzen's job. "[W]e presume the district court considers such matters as are presented to it." *United States v. Grimes*, 702 F.3d 460, 471 (8th Cir. 2012). We thus conclude that the district court properly considered the mitigating factors.

Next, Gietzen argues his sentence is substantively unreasonable because the district court should have varied downward given that his violations were not serious. The district court observed that some of Gietzen's violations were "not the most serious" it had encountered and characterized one of his violations as a "technical violation." But the district court explained that it generally did not "vary for second revocation hearings when [it gave] the defendant a significant break in the first revocation hearing." "[W]e consider a sentence that falls within the Guidelines range to be presumptively reasonable." *United States v. Wilkins*, 909 F.3d 915, 917 (8th Cir. 2018). Gietzen has not rebutted that presumption. "[A] district court is given wide latitude in weighing relevant factors." *Id.* (internal quotation marks omitted). Given Gietzen's repeated supervised release violations, this is not "the unusual case when we reverse a district court sentence . . . as

substantively unreasonable." *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc).

We affirm.

_____