# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-3720
_____

United States of America

*Plaintiff - Appellee*

v.

Scott Alan Sorenson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Waterloo

_____

Submitted: October 19, 2020
Filed: February 16, 2021
[Unpublished]

_____

Before LOKEN, MELLOY, and GRUENDER, Circuit Judges.

_____

MELLOY, Circuit Judge.

Scott Sorenson violated multiple conditions of his supervised release.  The district court[1] revoked his release and sentenced him to 10 months' imprisonment to

_____

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

be followed by a new three-year term of supervised release. Sorenson appeals the imposition of six special conditions of his new term of supervised release.

Sorenson has a lengthy criminal history that started in 1988 with a theft conviction. In 2000, he was convicted in the United States District Court for the Northern District of Iowa on one count of possession of child pornography and sentenced to 60 months' imprisonment and three years of supervised release. Soon after beginning his term of supervised release, he violated its conditions. The district court[2] modified the conditions of his release and subsequently revoked his supervised release and sentenced him to 18 months' imprisonment. In 2010, Sorenson was found to be manufacturing methamphetamine in Minnesota, where he lived in the basement of a house in which two other adults and two children also lived. Because Sorenson had failed to update his sex offender registration status after moving from Iowa to Minnesota, he was charged in the Northern District of Iowa with one count of failure to register as a sex offender in violation of the Sex Offender Registration and Notification Act (SORNA), 34 U.S.C. § 20913. Sorenson pleaded guilty and was sentenced to 46 months' imprisonment and five years of supervised release.

In March 2018, Sorenson started his term of supervised release for his SORNA conviction. In December 2018, Sorenson admitted that he violated the conditions of his supervised release when he traveled outside the district without permission (violation 1) and failed to answer the probation office's inquiries about his travel (violation 2). Based on these violations, the district court modified the conditions of Sorenson's supervised release to include ten special conditions, including six he challenges in the present appeal. In March 2019, Sorenson admitted that he again violated the conditions of his supervised release when he refused to participate in substance abuse testing (violation 3), used methamphetamine (violation 4),

_____

[2]The Honorable Linda R. Reade, then Chief Judge, United States District Court for the Northern District of Iowa.

communicated with a person engaged in criminal activity (violation 5), and failed to truthfully answer inquiries (violation 6). Based on these violations, the district court[3] modified the conditions of Sorenson's supervised release to extend an existing period of home detention and GPS monitoring.

In December 2019, Sorenson admitted to six additional supervised release violations: failure to participate in sex offender treatment (violation 7), communication with a person engaged in criminal activity (violation 8), use of methamphetamine (violation 9), failure to truthfully answer inquiries (violation 10), possession of pornography (violation 11), and failure to allow searches and monitoring of a cell phone (violation 12). Based on these violations, the United States Probation Office recommended the district court revoke Sorenson's supervised release, order terms of imprisonment and supervised release, and impose nine special conditions of supervised release, all of which the district court had previously imposed in December 2018. Sorenson did not file written objections to the recommended special conditions. At the revocation hearing, he provided the court with a March 2018 risk assessment report from Minnesota, which concluded he presented a low risk of reoffending and did not require additional sex offender treatment. At the hearing, Sorenson objected to six of the nine special conditions:

> 4. The defendant must participate in a mental health evaluation, which may include an evaluation for sex offender treatment. . . .

> 5. The defendant must not knowingly view, possess, produce, or use any materials that depict sexually explicit conduct as defined in 18 U.S.C. § 2256, or any form of sexually stimulating, sexually oriented, or pornographic materials.

---

[3]This and all subsequent references to the district court again refer to rulings by Judge Williams.

6.  The defendant must allow the United States Probation Office to install computer monitoring software on any computer . . . that is used by the defendant. . . .

7.  The defendant must not access an Internet connected computer or other electronic storage device with internet capabilities without the prior written approval of the United States Probation Office and based on a justified reason.

8.  The defendant must not knowingly have contact with children under the age of 18 . . . without the prior written consent of the United States Probation Office.  The United States Probation Office may work with the defendant and the defendant's family to set up supervised communications and visits with the defendant's biological and legally adopted children.

9.  The defendant must not knowingly be present at places where minor children under the age of 18 are congregated . . . without the prior consent of the United States Probation Office.

The district court revoked Sorenson's supervised release and sentenced him to 10 months' imprisonment, three years of supervised release, and placement in a residential reentry center.  The district court imposed all nine special conditions recommended by the United States Probation Office.  Sorenson appeals the imposition of the aforementioned six special conditions.

We generally review the imposition of special conditions for abuse of discretion, United States v. Cramer, 962 F.3d 375, 383 (8th Cir. 2020), and an error of law is considered an abuse of discretion, United States v. Fonder, 719 F.3d 960, 961 (8th Cir. 2013).  We review de novo the district court's legal conclusion that a special condition does not violate the defendant's constitutional rights.  See Fonder, 719 F.3d at 961; see also United States v. Washington, 893 F.3d 1076, 1081 (8th Cir. 2018) ("[W]hen a defendant challenges a special condition on constitutional grounds . . . we review de novo.").  Under 18 U.S.C. § 3583(d), district courts have discretion

to impose special conditions of supervised release "so long as the conditions are reasonably related to the sentencing factors enumerated in 18 U.S.C. § 3553(a), involve no greater deprivation of liberty than is reasonably necessary, and are consistent with the Sentencing Commission's pertinent policy statements." United States v. Wilkins, 909 F.3d 915, 918 (8th Cir. 2018) (quoting United States v. Cooper, 171 F.3d 582, 585 (8th Cir. 1999)). "The relevant sentencing factors include: 'the nature and circumstances of the offense of conviction, the defendant's history and characteristics, the deterrence of criminal conduct, the protection of the public from further crimes of the defendant, and the defendant's educational, vocational, medical, or other correctional needs.'" Id. (quoting United States v. Deatherage, 682 F.3d 755, 758 (8th Cir. 2012)); 18 U.S.C. § 3583(d).

"Importantly, 'a court must make an individualized inquiry into the facts and circumstances underlying a case and make sufficient findings on the record so as to ensure that the special condition satisfies the statutory requirements.'" Id. (quoting Deatherage, 682 F.3d at 758). Here, the district court made a thorough record of its reasons for imposing supervised release and special conditions. Although it did not explain its justifications for every condition separately, it reviewed Sorenson's "complete history," and found that Sorenson "cannot tell the truth, will not tell the truth to the probation office, has violated the terms and conditions of supervision multiple times, has a history of child pornography, [and] has a history of hands-on sexual abuse of children." With this in mind, we review Sorenson's arguments.

Sorenson first challenges the special condition requiring him to participate in a mental health evaluation that may include an evaluation for sex offender treatment. He argues a requirement of sex offender treatment does not reasonably relate to his SORNA conviction or his history and characteristics. The district court found this special condition was necessary because of Sorenson's mental health history, which included multiple diagnoses and failed courses of treatment. See United States v. Wiedower, 634 F.3d 490, 494 (8th Cir. 2011) ("In order to impose a condition of

-5-

participation in mental health treatment, the district court must have reason to believe the defendant needs such treatment." (quotation and citation omitted)).  Given Sorenson's mental health and criminal history, requiring a mental health evaluation and a possible evaluation for sex offender treatment was not an abuse of discretion.

Relatedly, Sorenson challenges the condition restricting him from possessing any form of sexually stimulating material.  "We carefully review broad bans on possessing sexually explicit materials because they implicate important First Amendment rights." Deatherage, 682 F.3d at 764.  Sorenson argues the district court did not adequately explain its rationale for this restriction and the restriction goes beyond what is necessary because it bars him from possessing legal adult pornography. We disagree.  The district court spoke at length about Sorenson having a risk (albeit a low risk) of sexual recidivism, citing statements Sorenson made during a 2002 sexual history polygraph and a 2005 psychosexual assessment that described Sorenson "as a considerable risk to act impulsively to hurt others."  The district court also addressed the underlying facts of Sorenson's recent violations and his Minnesota arrest that involved an eight-year-old girl.[4]  On this record, Sorenson's complete history of sexual criminal offenses and other misconduct, including his admissions that he had both perpetrated and been a victim of sexual abuse, supported imposing this condition.  See United States v. Mefford, 711 F.3d 923, 927 (8th Cir. 2013).  For the same reasons, we find the scope of the special condition appropriate in this case. See United States v. Thompson, 653 F.3d 688, 695 (8th Cir. 2011) ("A special condition of supervised release is only unconstitutionally overbroad if its overbreadth is real and substantial in relation to its plainly legitimate sweep.").

---

[4]The eight-year-old girl was one of the children who resided in the home where Sorenson lived in Minnesota.  When interviewed, she told a social worker that Sorenson snored when he slept and invited her to sleep in the same bed as him. According to the social worker's report, the girl's father accompanied her into the basement to visit Sorenson.

Next, Sorenson challenges the special conditions restricting his computer and Internet access. He argues these restrictions lack a connection to his SORNA violation and are an unjustified intrusion on his liberty. The Sentencing Guidelines recommend special conditions of supervised release limiting computer use by defendants convicted of sex offenses. U.S.S.G. § 5D1.3(d)(7)(B). Although failing to register under SORNA is not a "sex offense" for purposes of the Guidelines, id. § 5D1.2 cmt. n.1, these types of special conditions may be imposed if they otherwise meet the requirements of § 3583(d), see United States v. Puckett, 929 F.3d 1004, 1007 (8th Cir. 2019) (explaining that "a district court does not abuse its discretion by imposing special conditions" seemingly unrelated to the "instant conviction," where the conditions are, instead, "reasonably related to the other sentencing factors identified in § 3583(d), which include the defendant's history and characteristics and the need to protect the public from further crimes"). Here, the record adequately supported restrictions on Sorenson's computer and Internet access because, among other factors, Sorenson's 2000 conviction was based on facts showing he shared child pornography with another person over the Internet, not merely possessed it for himself. See United States v. Ristine, 335 F.3d 692, 696 (8th Cir. 2003) (upholding similar special conditions where the defendant did "more than merely possess[] images of child pornography—he exchanged the images with other Internet users, and he attempted to arrange sexual relations with underage girls"). Based on Sorenson's criminal history and characteristics, we find no abuse of discretion.[5]

Finally, Sorenson challenges the special conditions that seek to limit his contact with minor children. He argues the restrictions would keep him from being able to visit his parents because his nephews, who are under 18, occasionally visit their house. He also argues "the restrictions amount to a categorical imposition of

---

[5]To the extent Sorenson argues, for the first time on appeal, that these conditions violate his First Amendment rights, his argument is foreclosed by our analysis in United States v. Perrin, 926 F.3d 1044, 1048–49 (8th Cir. 2019).

conditions based on a child pornography conviction for conduct that occurred more than twenty years ago, not on specific facts." Here, however, the district court did "not impose special conditions categorically on" Sorenson because of his prior child pornography conviction. United States v. Morais, 670 F.3d 889, 895 (8th Cir. 2012) (citation omitted). Instead, the district court assessed Sorenson's criminal history, mental health background, and other characteristics. See United States v. James, 792 F.3d 962, 971 (8th Cir. 2015) (explaining how mental diagnoses and lack of sufficient treatment justified a similar special condition that sought to protect minors). In addition to reciting Sorenson's mental health history, the district court cited various facts in the Presentence Report, to which Sorenson did not object, that justify the restrictions on his contact with children. We find no abuse of discretion.

We affirm the judgment of the district court.

_____