# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 21-1492

———————————————

United States of America

*Plaintiff - Appellee*

v.

Cortez Lamar Kellum

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Southern District of Iowa - Central

——————————

Submitted: January 10, 2022
Filed: February 16, 2022
[Unpublished]

——————————

Before BENTON, SHEPHERD, and STRAS, Circuit Judges.

——————————

PER CURIAM.

Cortez Lamar Kellum pled guilty to possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 851. The district court sentenced him to 140 months in prison and eight years of supervised release—later reduced under the First Step Act. Kellum began supervised release in March 2019 and violated it in September. In January 2020, the court revoked his release,

sentencing him to six months in prison and 66 months of supervised release. He again violated it. The district court[1] revoked his release, sentencing him to 14 months in prison and six years of supervised release. He appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Kellum thinks the district court erred by imposing six years of supervised release. This court reviews for abuse of discretion. *United States v. Wilkins*, 909 F.3d 915, 917 (8th Cir. 2018). Following revocation, a district court may impose an additional term of supervised release, not to "exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." 18 U.S.C. § 3583(h).

Kellum does not argue the court exceeded the statutory maximum under 18 U.S.C. § 3583(h). Rather, he asserts the court "abused its discretion in failing to give proper weight" to the fact that he "cannot be successful on supervised release." But the district court has "wide latitude in weighing [the] relevant factors." *Wilkins*, 909 F.3d at 917. It properly considered Kellum's history and characteristics, his continued violations of supervised release, and his need for continued assistance with mental-health and substance-abuse issues. The court noted that Kellum had "continuously been . . . involved in drugs since you got out of prison; cocaine, marijuana, synthetic marijuana." It also discussed him leaving "the district then with no permission from the probation office," and refusing to allow probation into his "house to conduct a search." It noted how he had no job even though he claimed to be going to work. The court said:

> So here I also think you need to be supervised. We need to continue to work with you until we can find a way to help deal with your—if it's a mental health issue, if it's a substance abuse issue, if it's a behavioral issue, maybe all three. I'm not sure. Your history in your presentence

---

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

report would indicate you've got some pretty extensive issues with all three of those issues, both mental, substance, and behavioral.

. . . .

Now, if you can do well on supervised release for at least two years, no violations, I'll take you off paper. But you've got to get to the point where you're not violating, where you're doing well, where we're not having problems with you, and then I can take you off paper. But you were given an eight-year term of supervision, and you've done virtually none of that because you've either been in a halfway house, you've been in prison, or you've been absconded.

So I can't cut you loose at this point. We've had very little time to actually work with you, and I think you're somebody who needs to be worked with in order to, frankly, help you and protect everybody else.

The district court did not abuse its discretion. *See United States v. Defoor*, 535 F.3d 763, 765 (8th Cir. 2008) (upholding supervised release term where district court considered timing and nature of defendant's supervised release violations, the "need to protect society," and the "need for medical help and counseling").

\* \* \* \* \* \* \* \*

The judgment is affirmed.

_____