# United States Court of Appeals

### For the Eighth Circuit

_____

No. 24-1149

_____

United States of America

*Plaintiff - Appellee*

v.

Shannon Smalley

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: April 17, 2024
Filed: April 22, 2024
[Unpublished]

_____

Before BENTON, GRASZ, and STRAS, Circuit Judges.

_____

PER CURIAM.

Shannon Smalley appeals a new special condition of supervised release that the district court imposed after it revoked his supervised release and sentenced him to 6 months in prison and 4 years of supervised release. Having jurisdiction under 28 U.S.C. § 1291, this court reverses and remands.

Smalley challenges a condition restricting him from being self-employed or obtaining secondary employment. Upon careful review, this court concludes that the restriction did not satisfy the applicable statutory and Guidelines requirements, as the record does not show that there was a connection between Smalley's secondary employment and the offense of conviction, or that the restriction was necessary to protect the public. *See* 18 U.S.C. § 3563(b)(5) (court may impose condition of supervised release prohibiting or limiting defendant from engaging in a specified occupation, business, or profession bearing a reasonably direct relationship to the conduct constituting the offense); U.S.S.G. § 5F1.5 (court may impose occupational restriction only if it determines that a reasonably direct relationship existed between defendant's occupation and the conduct relevant to the offense of conviction, and that the restriction is reasonably necessary to protect the public because there is reason to believe that, absent such restriction, defendant will continue to engage in unlawful conduct similar to that for which he was convicted); *United States v. Carlson*, 406 F.3d 529, 531 (8th Cir. 2005) (review of sentencing judge's imposition of special condition of supervised release is generally for abuse of discretion, but is for plain error when defendant fails to object); *United States v. Cooper*, 171 F.3d 582, 585-86 (8th Cir. 1999) (broad use of occupational prohibitions is disfavored; imposition of prohibition was an abuse of discretion because the condition bore no relationship to offense of conviction); *see also United States v. Stepp*, 680 F.3d 651, 672 (6th Cir. 2012) (district court's concern that defendant was too old to maintain full-time employment as a boxer was unrelated to defendant's underlying drug trafficking offense and therefore was not a valid reason for imposing an occupational restriction).

The special condition prohibiting Smalley from being self-employed or obtaining secondary employment is vacated, and the case is remanded for proceedings consistent with this opinion.

_____