United States Court of Appeals

For the Eighth Circuit

_____

No. 23-3222
_____

United States of America

*Plaintiff - Appellee*

v.

Jason Allen Royce

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: March 11, 2024
Filed: June 5, 2024
[Unpublished]
_____

Before COLLOTON, Chief Judge, ERICKSON and KOBES, Circuit Judges.
_____

PER CURIAM.

Jason Allen Royce pled guilty to possession with intent to distribute a mixture and substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C). In January 2019, he was sentenced to a term of 48 months imprisonment followed by five years of supervised release. Royce was released to supervision on October 31, 2022, but he failed to abide by the terms of his

supervision and the district court[1] revoked his release and sentenced him to 14 months of imprisonment to be followed by three years of supervised release. Royce appeals, contending the district court (1) improperly relied on hearsay evidence in crafting the revocation sentence, (2) impermissibly punished him for a state law violation, and (3) imposed a no-contact order as a condition of supervision without a sufficient evidentiary basis. We affirm.

On July 6, 2023, the United States Probation Office filed an amended petition seeking to revoke Royce's supervision based on three violations: failure to comply with drug testing, failure to allow the probation officer to conduct a home visit, and a new violation of law arising out of a domestic abuse assault. Royce stipulated to committing each of the violations. Notwithstanding the stipulation, the court received into evidence, without objection, a video of the domestic assault incident. In addition, Royce's probation officer testified that Royce's landlord had additional videos showing Royce assaulting the same woman. This testimony was also received without objection. At the conclusion of the hearing, the district court revoked Royce's supervision and sentenced him to 14 months in custody to be followed by three years of supervised release on conditions, including a condition that he have no contact with the victim of the assault. Royce objected to the no-contact condition.

Because Royce failed to object to the hearsay evidence presented at his revocation hearing, we review his hearsay-based challenge for plain error. See United States v. Hill, 31 F.4th 1076, 1083 (8th Cir. 2022). Under plain error review, Royce must show a clear or obvious error that affected his substantial rights. United States v. Combs, 44 F.4th 815, 818 (8th Cir. 2022).

Royce asserts a confrontation clause violation to the hearsay evidence for the first time on appeal. But such a challenge is unavailing since before any evidence

---

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

was received, Royce stipulated that he had committed the domestic-violence-related new law violation. Given this stipulation, the only purpose for the admission of the video was for sentencing purposes. "Hearsay evidence is admissible at sentencing hearings . . . and there is no constitutional right to confront witnesses during sentencing." United States v. Jokhoo, 806 F.3d 1137, 1141 (8th Cir. 2015) (citation omitted). The district court committed no error, plain or otherwise, in receiving the hearsay evidence for sentencing purposes.

Royce next argues that the district court impermissibly punished him for the underlying state-law violation. The Sentencing Guidelines permit the court during revocation proceedings to take into account "to a limited degree, the seriousness of the underlying violation." U.S.S.G. Ch7, Pt. A., intro. 3(b); see United States v. Porter, 974 F.3d 905, 908 (8th Cir. 2020). At sentencing, Royce argued that the domestic assault was the result of his drug relapse, which specifically invited the court to consider the connection between his relapse and the new underlying state-law violation. The court did so to a limited degree by considering the evidence in conjunction with Royce's history of criminality, addiction, history of violence, and his performance on supervised release. This consideration is consistent with Chapter 7 of the Sentencing Guidelines.

As to Royce's third claim, we review under the abuse of discretion standard the district court's imposition of special conditions of supervised release. United States v. Wilkins, 909 F.3d 915, 918 (8th Cir. 2018). A district court may impose special release conditions "so long as the conditions are reasonably related to the sentencing factors enumerated in 18 U.S.C. § 3553(a), involve no greater deprivation of liberty than is reasonably necessary, and are consistent with the Sentencing Commission's pertinent policy statements." United States v. Cooper, 171 F.3d 582, 585 (8th Cir. 1999). A sentencing court is required to conduct an individualized review of the facts and circumstance and make such findings on the record as would support a conclusion that the special condition complies with the statutory requirements. United States v. Deatherage, 682 F.3d 755, 758 (8th Cir. 2012).

Royce contends that the district court engaged in improper fact-finding when it imposed the no-contact order. The record reveals, however, that the facts are virtually undisputed. Royce stipulated to the domestic-assault-related new law violation, his own witness confirmed Royce's relationship with the victim as "somewhat volatile," and the video captured Royce engaging in an assault. The district court did not abuse its discretion in imposing a no-contact order under these circumstances.

Royce also argues, for the first time on appeal, that the no-contact order interferes with his constitutional right to free association. Having failed to raise this claim below, Royce has forfeited this argument on appeal. See United States v. Pirani, 406 F.3d 543, 549 (8th Cir. 2005) (en banc) (errors by the trial court, even those that affect a constitutional right are forfeited and not preserved for appeal when the right is not timely asserted). When a constitutional right is forfeited, our review is limited to "a rigorous plain-error standard." United States v. Chavarria-Ortiz, 828 F.3d 668, 671 (8th Cir. 2016). Here, the district court analyzed the specific facts of Royce's relationship with the victim and imposed the no-contact order. In doing so, it committed no clear or obvious error. See United States v. Rafferty, No. 21-2760, 2022 WL 1531921, at *2 (8th Cir. May 16, 2022) (affirming the district court's no-contact order, which was based on an individualized assessment of the facts and circumstances and relied on evidence of domestic abuse and violations of no-contact orders); Wilkins, 909 F.3d at 918 (affirming no-contact order imposed by the district court to protect the defendant's wife after the court made requisite individualized inquiry to support the order).

We affirm the judgment of the district court.

_____