# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3703

_____

United States of America

*Plaintiff - Appellee*

v.

David Wayne Houle

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: December 14, 2015
Filed: January 22, 2016
[Unpublished]

_____

Before WOLLMAN, LOKEN, and BYE, Circuit Judges.

_____

PER CURIAM.

After finding that David Wayne Houle had violated certain conditions of supervised release, the district court[1] sentenced him to eight months' imprisonment

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

and reinstated a term of supervised release. Houle appeals, arguing that the district court abused its discretion in ordering further supervised release. We affirm.

In 1997, Houle was adjudicated delinquent for criminal sexual conduct in the second degree, in violation of Michigan law. Houle was fourteen years old at the time, and his offense conduct involved rubbing the vaginal area of a five-year-old family member. In 2004, Houle was convicted of sexual intercourse with a child, age sixteen or older, in violation of Wisconsin law. Houle was required to register as a sex offender based on those convictions.

Houle pleaded guilty to failing to register as a sex offender, in violation of 18 U.S.C. § 2250(a), and was sentenced to twenty-four months' imprisonment in June 2009. The district court also imposed a fifteen-year term of supervised release. Houle was released from prison in October 2010 and thereafter commenced his original term of supervised release. From that date until the instant revocation proceedings, Houle's supervised release had been revoked three times. After each revocation, the district court sentenced Houle to a term of imprisonment and reinstated the original term of supervised release, which carried a discharge date of October 14, 2025.

On September 26, 2014, Houle was released from prison after serving a third term of imprisonment for violating the conditions of his release. A month later, another petition for revocation was filed, alleging that Houle had committed a number of violations, including the following: (1) failing to comply with residential reentry center rules, (2) frequenting places where children congregate, (3) failing to follow instructions or truthfully answer inquiries, (4) failing to allow computer and/or electronic storage device search, and (5) possessing pornography. Houle admitted most of the violations, but he denied that he was in possession of a cell phone and two pornographic magazines that were discovered in his storage unit at the reentry center. The cell phone contained an image of a partially clothed woman and a second

-2-

image of the same woman exposing her breasts and pubic area. After conducting a hearing, the district court found that Houle had knowingly possessed the cell phone and magazines.

Houle's supervised release was again revoked. The district court sentenced him to eight months' imprisonment and ordered that "supervised release [be] reimposed to the original discharge date of October 14, 2025." On appeal, Houle argues that the district court erred when it imposed a term of supervised release to follow his term of imprisonment.

We find no abuse of discretion in the imposition of a term of supervised release in this case. See United States v. Defoor, 535 F.3d 763, 764-65 (8th Cir. 2008) (standard of review). The district court considered Houle's argument that he would have greater success in society if he were no longer subject to supervision. It also considered the fact that Houle had served more time for supervised release violations than he had for failing to register. The district court decided, however, that it was "not going to reward [Houle's] bad behavior by taking him off supervision," noting that Houle "has the ability to conform his behavior to the rules but chooses not to." The district court also rejected the argument that Houle should be released from supervision because his violations stemmed, for the most part, from legal conduct. The district court ultimately determined that because Houle remained "a danger to the community, [it was] unwilling to release him from supervision," a decision that we conclude did not constitute an abuse of discretion.

The judgment is affirmed.

_____