United States Court of Appeals

For the Eighth Circuit

_____

No. 15-1459
_____

United States of America

*Plaintiff - Appellee*

v.

Matthew Hajek

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids
_____

Submitted: March 14, 2016
Filed: April 7, 2016
[Unpublished]
_____

Before WOLLMAN, BENTON, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

After Matthew Hajek violated the conditions of his supervised release, the district court[1] sentenced him to an eight-month term of imprisonment, to be followed

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

by a one-year term of supervised release. Hajek appeals, arguing that the imposition of further supervised release was unreasonable. We affirm.

In 2001, Hajek pleaded guilty to bank robbery, a Class C felony. 18 U.S.C. § 2113(a) (authorizing a term of imprisonment for bank robbery of not more than twenty years); id. § 3559(a)(3) (defining Class C felony as an offense with a maximum term of imprisonment of "less than twenty-five years but ten or more years"). The district court sentenced him to 156 months' imprisonment, to be followed by a five-year term of supervised release. Hajek was released from prison and commenced supervised release in January 2013.

The district court revoked Hajek's release in November 2013, sentenced him to fourteen months' imprisonment, and reinstated the original term of supervised release. On appeal, we determined that Hajek's term of supervised release exceeded the three-year term authorized by statute for Class C felonies. See 18 U.S.C. § 3583(b)(2). We vacated his sentence and remanded for resentencing. United States v. Hajek, No. 13-3672 (8th Cir. July 10, 2014). The district court thereafter amended its judgment, reducing Hajek's term of supervised release by two years.

In December 2014, Hajek was released from prison and again commenced supervised release. His probation officer filed a petition to revoke supervision in February 2015. During the revocation hearing, Hajek admitted that he had failed to comply with his substance abuse treatment program, with drug testing requirements, and residential reentry center rules; had failed to truthfully answer inquiries; had traveled without permission; and had used methamphetamine and marijuana. The district court found that Hajek had violated several conditions of his release and determined that his revocation sentencing range was eight to fourteen months' imprisonment. Because Hajek had already served a fourteen-month prison term on his first revocation, the court could impose no more than a ten-month prison term. See 18 U.S.C. § 3583(e)(3) (authorizing a revocation sentence of no more than two years

in prison for a Class C felony). If the court were to impose a ten-month prison sentence, it could impose no further supervised release.[2]

Acknowledging his history of failing to comply with conditions of his release, Hajek requested a ten-month prison sentence with no supervised release to follow. Hajek recognized that he needed treatment for substance abuse and depression, but stated that he wanted to pursue treatment on his own terms. As set forth above, the district court did not accede to Hajek's requested self-prescribed rehabilitative regimen.

Hajek argues that his sentence was structured to unfairly draw out his punishment and that the imposition of an additional term of supervised release was unreasonable. We disagree. The district court considered Hajek's argument that he would have greater success in society if he were no longer subject to supervision. It also considered that Hajek had maintained steady employment while not imprisoned. The district court remained skeptical of Hajek's ability to seek treatment independently or behave lawfully, however, citing his poor attendance in the mandatory treatment program, his failure to submit to urinalysis, his drug-positive urinalysis samples, and his disrespect for the rules of the reentry center and the court. The district court decided that it would not "reward [Hajek's] bad behavior" and that "there [was] something still to be gained from a term of supervised release to follow after a prison term, again, to get him back into the community and hopefully stabilize him, make sure he has a job and a place to live." We find no abuse of discretion in the district court's decision to impose a term of supervised release in this case. See United States v. Defoor, 535 F.3d 763, 764-65 (8th Cir. 2008) (standard of review).

---

[2]Under the pre-2003 version of 18 U.S.C. § 3583(h), a district court could not impose an additional term of supervised release if the court had sentenced a defendant to the maximum authorized prison term under § 3583(e)(3). See United States v. Brings Plenty, 188 F.3d 1051, 1053 (8th Cir. 1999) (per curiam) *superseded by statute*, PROTECT Act of 2003, Pub. L. No. 108-21, 117 Stat. 650, *as recognized in* United States v. Zoran, 682 F.3d 1060, 1063 (8th Cir. 2012).

The judgment is affirmed.

_____