# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-2114
_____

United States of America

*Plaintiff - Appellee*

v.

Robert Earl Barber, Jr.

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern
_____

Submitted: April 12, 2021
Filed: July 20, 2021
[Published]
_____

Before SMITH, Chief Judge, COLLOTON and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Robert Earl Barber Jr. pleaded guilty to two felonies. His sentence included a term of supervised release. Barber violated the conditions of his release several times, resulting in two separate revocations of his supervised release. Upon the second

revocation, the district court[1] imposed a sentence of 7 months' imprisonment and 60 months' supervised release. On appeal, Barber argues that the additional term of supervised release was substantively unreasonable. We affirm.

## I. *Background*

Barber pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and to possessing cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a) and (b)(1)(B). He received a total sentence of 120 months' imprisonment and 96 months of supervised release. Barber's supervised release began in October 2017, but he violated the conditions of his release several times over the next two years. In October 2019, the district court revoked his supervised release and imposed a new sentence of 3 months' imprisonment and 48 months of supervised release.

Barber's second term of supervised release began in December 2019, but it was short-lived. In February 2020, Barber violated the conditions of his release by "associating with persons engaged in criminal activity." Order Granting Mot. to Modify Conditions of Supervision at 1, *United States v. Barber*, No. 3:08-cr-00070-JAJ-SBJ-1 (S.D. Iowa 2020), ECF No. 125. The district court then modified the conditions of his release by requiring him to reside in a residential reentry center for up to 120 days. While at the reentry facility, Barber again violated the conditions of his release by breaking several of the facility's rules: He consumed alcohol, failed to submit to a breathalyser test, and disobeyed a lawful order.

The district court revoked Barber's supervised release a second time. When Barber's counsel told the court that Barber's requested sentence would depend on whether the court would impose an additional term of supervised release, the district

---

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

court replied that it was "not going to reward him here today for bad behavior by shortening his term of supervised release." Revocation Hr'g Tr. at 6, *United States v. Barber*, No. 3:08-cr-00070-JAJ-SBJ-1 (S.D. Iowa 2020), ECF No. 146. The district court imposed a 7-month prison sentence and 60 months of supervised release.

## II. *Discussion*

Barber challenges the substantive reasonableness of his 60-month term of supervised release.[2] "Because a sentence imposed upon revocation of supervised release is not a new punishment but rather relates to the original offense, we review that question under the same deferential abuse-of-discretion standard that applies to initial sentencing proceedings." *United States v. Richey*, 758 F.3d 999, 1001 (8th Cir. 2014) (cleaned up).

We begin by determining what term of supervised release the district court was authorized to impose.

> If a defendant violates the conditions of his supervised release, a district court, under [18 U.S.C.] § 3583, is permitted "to impose both imprisonment and a new term of supervised release if the new term does 'not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.'"

*United States v. Walker*, 513 F.3d 891, 893 (8th Cir. 2008) (emphasis omitted) (first quoting *United States v. Palmer*, 380 F.3d 395, 396 (8th Cir. 2004) (en banc); then quoting 18 U.S.C. § 3583(h)).

---

[2]Barber does not contest the revocation of his supervised release or the 7-month term of incarceration.

Here, Barber's original authorized term of supervised release was 96 months because he had a prior felony drug offense at the time of sentencing. *See* 21 U.S.C. § 841(b)(1)(B) (stating that "any sentence imposed under this subparagraph shall, . . . if there was such a prior conviction [for a felony drug offense], include a term of supervised release of at least 8 years in addition to such term of imprisonment"). Barber received a term of imprisonment upon each revocation of supervised release—three months the first time and seven months the second time. Subtracting these terms of imprisonment (totaling 10 months) from the authorized term of supervised release under the statute of conviction (96 months) leaves 86 months. Thus, pursuant to § 3583(h), the district court was authorized to impose a new term of supervised release of up to 86 months. *See Walker*, 513 F.3d at 893.

We next turn to the question of whether the 60-month term of supervised release, despite being authorized, was substantively reasonable. When determining the appropriate length of a term of supervised release, a court is required to consider certain of the sentencing factors set forth in 18 U.S.C. § 3553(a).[3] 18 U.S.C. § 3583(c). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." *United States v. Borromeo*, 657 F.3d 754, 756 (8th Cir. 2011) (quoting *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc)). "The district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." *United States v. Townsend*, 617 F.3d 991, 994 (8th Cir. 2010) (per curiam) (quoting *United States v. Bridges*, 569 F.3d 374, 379 (8th Cir. 2009)).

---

[3]"The court . . . shall consider the factors set forth in [§] 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." 18 U.S.C. § 3583(c).

Barber acknowledges that the district court considered the appropriate § 3553(a) factors but argues that it gave significant weight to an improper factor. Specifically, he contends that the district court improperly considered punishment as a factor when choosing a term of supervised release because it said it was "not going to reward him . . . for bad behavior by shortening his term of supervised release." Revocation Hr'g Tr. at 6. Barber misconstrues the district court's words. The district court did not say that it was *punishing* Barber by lengthening his term of supervised release; rather, it said that it would not *reward* him for bad behavior by shortening the term. The district court's decision to impose a period of supervised release within the statutory range does not equate to imposition of improper punishment merely because the court stated that it would not reward bad behavior. Barber's multiple violations of his supervised-release terms warranted imposition of an additional period of supervised release. Moreover, we have upheld revocation sentences in which the district court expressed a similar reluctance to "reward . . . bad behavior" by lowering a term of supervised release during a revocation sentence. *See e.g.*, *United States v. Hajek*, 638 F. App'x 581, 582 (8th Cir. 2016) (unpublished per curiam); *United States v. Houle*, 630 F. App'x 642, 644 (8th Cir. 2016) (unpublished per curiam).

Barber's sentence was not substantively unreasonable. The district court was authorized to impose as much as 86 months of supervised release, but it imposed 60 months. In fashioning an appropriate sentence, it had wide latitude to weigh the § 3553(a) factors, *see Townsend*, 617 F.3d at 994, and was thus entitled to focus in particular on "the offense of conviction, his problems on supervised release, [and] the nature of the problems while on supervised release." Revocation Hr'g Tr. at 7–8. These were reasonable considerations in light of Barber's consistent resistance to complying with the conditions of his release and the multiple revocations of his release. We find no abuse of discretion.

### III. *Conclusion*

For the foregoing reasons, we affirm the district court's judgment.

_____