# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-2945
_____

United States of America

*Plaintiff - Appellee*

v.

Adam Lee Reitz

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: September 20, 2021
Filed: September 27, 2021
[Unpublished]

_____

Before SMITH, Chief Judge, ARNOLD and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Adam Reitz pleaded guilty to aiding and abetting the production of child pornography, *see* 18 U.S.C. §§ 2, 2251(a), (e), an offense that stemmed from his having forced his seven-year-old son to perform oral sex on him while Reitz's girlfriend took photos. The Sentencing Guidelines recommended a sentence of

324–360 months' imprisonment, and the district court[1] sentenced him to 324 months. Reitz maintains on appeal that this sentence is unreasonably long, which is a matter we review for abuse of discretion. *See United States v. Sisk*, 999 F.3d 631, 635 (8th Cir. 2021). We affirm.

When sentencing a defendant, a district court must consider certain statutory criteria, *see* 18 U.S.C. § 3553(a), and it abuses its discretion when it commits a clear error of judgment in weighing the significance of those criteria. *See United States v. Barber*, 4 F.4th 689, 692 (8th Cir. 2021) (per curiam). That's what Reitz essentially argues happened here. He emphasizes that certain circumstances—such as his troubled childhood, his medical and mental health difficulties, his minimal criminal history, his confession and remorse, and the sentences received by those who committed similar offenses—rendered a Guidelines sentence greater than necessary to accomplish the goals of federal sentencing.

We disagree. The record reflects that the district court gave ample attention and reflection to many, if not all, of these circumstances that Reitz raised before it. For example, the district court acknowledged that Reitz's life had been difficult and that he had "struggled with drug addiction and mental health." It also found it significant that Reitz had accepted responsibility and was remorseful for his offense, and the court took that into account when imposing a sentence at the bottom of the Guidelines range instead of at the top. Finally, the district court rejected, on a sufficient record, Reitz's contention that a Guidelines sentence would create unwarranted disparities between him and other similar offenders. So it held that a Guidelines sentence was appropriate.

---

[1]The Honorable Nancy E. Brasel, United States District Judge for the District of Minnesota.

We find no abuse of discretion in the district court's determination that the circumstances Reitz emphasizes did not warrant a downward variance in light of the egregious circumstances of his offense and the effect his offense had on the victim and others. Rather than demonstrating that the court committed a clear error of judgment, Reitz's challenge amounts to a mere disagreement with the weight that the court gave to the relevant circumstances, which isn't enough to show an abuse of discretion. *See Sisk*, 999 F.3d at 636. Reitz has failed to rebut the presumption that his Guidelines sentence is reasonable. *See id.* at 635.

Affirmed.

_____