# United States Court of Appeals

## For the Eighth Circuit

_____

No. 20-3123

_____

United States of America

*Plaintiff - Appellee*

v.

Maliek Mochon Cal Todd-Harris

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern

_____

Submitted: September 21, 2021
Filed: December 9, 2021
[Published]

_____

Before KELLY, ERICKSON, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Maliek Mochon Cal Todd-Harris pleaded guilty to one count of possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1), (9) and

§ 924(a)(2). The district court[1] imposed a sentence of 102 months of imprisonment, followed by three years of supervised release. Todd-Harris appeals his sentence, and we affirm.

I.

On March 25, 2019, law enforcement officers responded to reports of shots fired at an apartment complex in Waterloo, Iowa, and found shell casings in the parking lot. They subsequently obtained and reviewed surveillance video, which depicted Todd-Harris and another individual exiting a vehicle and firing in the direction of a passing SUV. Todd-Harris's gun appeared to jam, but he successfully fired at least one shot. The other shooter fired several rounds. Both the SUV and a nearby occupied residence were struck by gunfire, although no one was injured. Todd-Harris was charged with one count of possessing a firearm as a prohibited person.

Todd-Harris entered a plea agreement. The parties stipulated that the base offense level was at least 20 and that a four-level enhancement under United States Sentencing Guidelines § 2K2.1(b)(6)(B) (2018) applied because Todd-Harris used or possessed the firearm in connection with the felony offense of carrying firearms, in violation of Iowa Code § 724.4.[2] No agreement was reached regarding Todd-Harris's criminal history category.

---

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

[2]When Todd-Harris committed the offense conduct and was sentenced, Iowa Code § 724.4 criminalized the carrying of a loaded firearm as an aggravated misdemeanor, which under Iowa law is punishable by up to two years of imprisonment. See Iowa Code § 903.1(2). The Iowa Legislature amended § 724.4 in 2021.

Todd-Harris's Presentence Investigation Report (PSR) calculated his total offense level at 21, which accounted for a four-level enhancement pursuant to USSG § 2K2.1(b)(6)(B) and a three-level reduction for acceptance of responsibility pursuant to § 3E1.1(a) and (b). The PSR identified four offenses that would support the § 2K2.1(b)(6)(B) enhancement: Intimidation with a Dangerous Weapon, in violation of Iowa Code § 708.6; Assault While Using a Dangerous Weapon, in violation of Iowa Code §§ 708.1(2)(c) and 708.2(3); Going Armed with Intent, in violation of Iowa Code § 708.8; and Carrying Weapons, in violation of Iowa Code § 724.4(1) (pre-amendment). At offense level 21 and criminal history category VI, Todd-Harris's advisory Guidelines range was 77 to 96 months. The PSR also noted that an upward departure may be warranted pursuant to the policy statement in USSG § 5K2.6.[3] Neither party objected to the sentencing calculations.[4]

At the combined change of plea and sentencing hearing, the government moved for an upward variance or departure to 120 months of imprisonment based on the aggravating nature of the offense and Todd-Harris's history of committing offenses—including violent offenses—while on supervision. Todd-Harris requested a downward variance based on his difficult childhood and medical conditions, which include post-traumatic stress disorder, anxiety, and depression.

The district court concluded that the base offense level of 20 did not take into account the "incredibly dangerous" nature of the offense and noted that Todd-Harris

---

[3]USSG § 5K2.6 reads: "If a weapon or dangerous instrumentality was used or possessed in the commission of the offense the court may increase the sentence above the authorized guideline range. The extent of the increase ordinarily should depend on the dangerousness of the weapon, the manner in which it was used, and the extent to which its use endangered others. The discharge of a firearm might warrant a substantial sentence increase."

[4]Todd-Harris initially filed several objections to the PSR but withdrew them at the sentencing hearing.

qualified for the § 2K2.1(b)(6)(B) enhancement "4 times over," given the four Iowa felonies implicated by the conduct. But the court also agreed with Todd-Harris that his criminal history category did "take into account a lot of the recidivist nature of his criminal conduct," though "perhaps not completely." In considering the factors set forth in 18 U.S.C. § 3553(a), the district court found that Todd-Harris "poses a danger to society," that shorter sentences did not "seem to deter him," and that the offense was particularly serious. The court also considered several mitigating factors, but explained that Todd-Harris "is an adult now and he has to take responsibility for his own behavior at this point in his life." Ultimately, the district court concluded that there were "grounds to depart upward for the discharge of the firearm, and alternatively, to vary upward" because the Guidelines did not fully account for "the fact [that Todd-Harris] discharged a firearm at an occupied vehicle[.]" The district court sentenced Todd-Harris to 102 months, six months above the top of the Guidelines range.

II.

We review a district court's decision to depart or vary upward for abuse of discretion. United States v. Green, 946 F.3d 433, 441 (8th Cir. 2019). We review any factual findings supporting a departure or variance for clear error. United States v. Peeples, 879 F.3d 282, 287 (8th Cir. 2018). "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." Green, 946 F.3d at 440 (quoting United States v. Kreitinger, 576 F.3d 500, 503 (8th Cir. 2009)).

Todd-Harris argues that the district court abused its discretion when it imposed a sentence above the advisory Guidelines range because his criminal history and offense conduct were both fully accounted for in the calculation of his advisory

Guidelines range. But the district court disagreed, describing the shooting as "appalling and incredibly dangerous" and expressing concern about the fact that Todd-Harris had "demonstrated a repeated tendency" to engage in violent behavior. We see no abuse of discretion in this conclusion. See United States v. Luscombe, 950 F.3d 1021, 1032 (8th Cir. 2020) (district court may vary upwards based on factors already accounted for by the Guidelines).

Todd-Harris also argues that the district court failed to give sufficient weight to his mitigating factors. At sentencing, the district court considered Todd-Harris's history of violence, the need for deterrence, and the importance of imposing a sentence that reflects the seriousness of the offense conduct. But the court also noted that the sentence would be tempered to some degree by mitigating factors, such as Todd-Harris's difficult childhood, lack of supervision from an early age, and ongoing medical and mental health conditions. Although Todd-Harris contends that the district court afforded too little weight to these mitigating factors, the district court has "wide latitude" in weighing the § 3553(a) factors. United States v. Barber, 4 F.4th 689, 692 (8th Cir. 2021) (per curiam) (quotation omitted). That includes assigning some factors more weight than others. Id. We discern no clear error in judgment in the district court's weighing of those factors.

III.

For the foregoing reasons, we affirm the judgment of the district court.

_____