# United States Court of Appeals
### For the Eighth Circuit
_____

No. 21-1647
_____

United States of America

*Plaintiff - Appellee*

v.

Dewey Dean Miller

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Nebraska - Omaha
_____

Submitted: January 11, 2022
Filed: May 20, 2022
[Published]
_____

Before COLLOTON, KELLY, and KOBES, Circuit Judges.
_____

PER CURIAM.

Dewey Dean Miller appeals the sentence imposed by the district court[1] after he admitted to violating the terms of his supervised release. This court has jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

[1]The Honorable Robert F. Rossiter, Jr., Chief Judge, United States District Court for the District of Nebraska.

In June 2012, Miller pleaded guilty to one count of conspiracy to distribute five grams of methamphetamine in violation of 21 U.S.C. § 846. He was sentenced to 60 months of imprisonment followed by five years of supervised release. Miller's term of supervised release began in January 2016. In October 2017, Miller admitted to violating the terms of his supervised release, and his release was revoked. He was sentenced to 12 months of imprisonment and two years of supervised release.[2] Miller began his second term of supervised release in August 2018. In November 2018, his release was revoked after he violated the rules of the residential reentry center where he was required to live for 180 days as a special condition of his supervised release. He was sentenced to one year and one day of imprisonment followed by 60 months of supervised release. Miller began his third term of supervised release in August 2019. In March 2021, Miller's supervised release was revoked once again, and he was sentenced to 24 months of imprisonment and 24 months of supervised release. This is the sentence he now appeals.

"We review a sentence imposed upon revocation of supervised release under a deferential-abuse-of-discretion standard." United States v. DeMarrias, 895 F.3d 570, 572–73 (8th Cir. 2018) (quotation omitted). "This standard requires us first to ensure that the district court committed no significant procedural error and second, if there is no procedural error, to ensure the sentence was substantively reasonable." United States v. Johnson, 827 F.3d 740, 744 (8th Cir. 2016) (quotations omitted). "An abuse of discretion occurs if a sentencing court fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Ceballos-Santa Cruz, 756 F.3d 635, 637 (8th Cir. 2014) (per curiam) (quotation omitted).

---

[2]Miller was initially sentenced to 24 months of imprisonment and three years of supervised release. He appealed the sentence. On appeal, the government conceded that the sentencing court erred in setting Miller's term of imprisonment to ensure he could participate in drug treatment programming at the Bureau of Prisons. See Tapia v. United States, 564 U.S. 319 (2011). On remand, the sentence was reduced to 12 months of imprisonment followed by two years of supervised release.

Miller first argues that the district court improperly considered his need for rehabilitation in crafting the sentence, in violation of Tapia v. United States, 564 U.S. 319, 321 (2011) (holding that the sentencing court may not extend a term of imprisonment to promote rehabilitation). Having reviewed the record, we see no indication that the district court set the length of Miller's sentence based on his need for rehabilitation. The district court was familiar with the history of Miller's case and sentenced him in light of this history and the repeated violations of the terms of his supervised release. We will not construe the district court's reference to the probation officer's recommendation as being "well thought out" as an adoption of its reasoning in full, especially when the sentence the district court imposed was lower than the one the probation officer recommended.

Miller also argues that the district court abused its discretion by failing to account for his significant physical and mental health challenges in determining his sentence. "We consider the entire sentencing record, not only the district court's statements at the hearing, in determining whether the court's consideration of § 3553(a) was adequate." United States v. Barron, 557 F.3d 866, 868 (8th Cir. 2009). The probation officer's recommendation included a discussion of Miller's physical and mental health and history with substance use. Miller and his attorney both discussed these issues during the sentencing hearing as well. See United States v. Keating, 579 F.3d 891, 893 (8th Cir. 2009) ("[W]here the district court heard argument from counsel about specific § 3553(a) factors, we may presume that the court considered those factors."). And the district court acknowledged Miller's comments about his mental health and substance use. We conclude that the district court did not fail to consider Miller's physical and mental health, and we find no abuse of discretion in the district court's weighing of the relevant sentencing factors.

Finally, Miller challenges the district court's decision to impose an additional term of supervised release following the term of imprisonment. Miller argues that, given his history with supervised release, which has now been revoked three times since he completed his original prison sentence, it becomes an unending punitive cycle that subjects Miller to risk of further imprisonment for violations of supervised

release that are not criminal conduct. Because Miller's original statute of conviction allows for a life term of supervised release, 18 U.S.C. § 3583(h) does not limit the number of times Miller may have his supervised release revoked, face imprisonment, and then be subject to another term of supervised release. The efficacy of an additional term of supervised release is one of many factors the district court may appropriately consider when imposing a sentence following multiple revocations. On the record currently before us, however, we conclude that the district court did not abuse its discretion by imposing an additional term of supervised release.

First, we note that Miller did not ask the district court not to impose any more supervised release. In fact, Miller asked to remain on supervised release and pursue treatment. And the district court observed that Miller had repeatedly violated the terms of his supervised release, continued to use illegal substances, and not put any effort into his own rehabilitation. See United States v. Hajek, 638 F. App'x 581, 582 (8th Cir. 2016) (per curiam) (unpublished) (finding no abuse of discretion in imposing an additional term of supervised release following revocation because "there [was] something still to be gained from a term of supervised release"); see also United States v. Mosby, 719 F.3d 925, 929 (8th Cir. 2013) ("Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends, distinct from those served by incarceration." (quoting United States v. Johnson, 529 U.S. 53, 59 (2000))). Given the circumstances, we discern no abuse of discretion.

For these reasons, we affirm the judgment of the district court.

_____