# United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-1631

_____

United States of America

*Plaintiff - Appellee*

v.

Jacquiere Burnside

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern

_____

Submitted: November 13, 2023
Filed: January 12, 2024
[Unpublished]

_____

Before COLLOTON, WOLLMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Jacquiere Burnside pleaded guilty to being a felon in possession of a firearm in 2018 and was sentenced to 36 months' imprisonment and three years' supervised release.  See United States v. Burnside, 795 F. App'x 475 (8th Cir. 2020) (per curiam) (affirming judgment).  He was released from prison in March 2021 and commenced supervised release.

Burnside's release conditions were modified three times to require his placement in a residential reentry center following (1) his commission of domestic abuse assault and his failure to comply with substance abuse testing, (2) his failure to find suitable housing, and (3) his use of alcohol, his renewed failure to comply with testing, and his operation of a vehicle while under the influence of alcohol and in the absence of a valid driver's license. Burnside was also ordered to spend a weekend in jail, to not contact the domestic assault victim, and to submit to remote alcohol testing. He was most recently discharged in November 2022.

Burnside's probation officer filed a petition to revoke supervision in February 2023, alleging violations related to his failure to comply with substance abuse testing, to notify probation of a residence change, to maintain employment, to report as instructed, to truthfully answer inquiries, and to follow his probation officer's instructions. The district court[1] found that he had committed all of the alleged violations, the most serious of which was Grade C. With a criminal history category of III, Burnside's U.S. Sentencing Guidelines range of imprisonment upon revocation was five to eleven months' imprisonment. See U.S.S.G. § 7B1.4(a). The district court sentenced Burnside to eleven months' imprisonment with one year of supervised release to follow, rejecting his proposal of an above-Guidelines term of imprisonment with no further supervised release.

Burnside argues that the district court abused its discretion when it imposed supervised release. See United States v. Barber, 4 F.4th 689, 691 (8th Cir. 2021) (per curiam) (standard of review). He contends that supervised release will not aid his rehabilitation or reintegration into society and that another two or three months of imprisonment would better reflect the seriousness of the violations and better serve the purposes of deterring his further misconduct and in protecting the public. The

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

district court considered Burnside's arguments, as well as the leniency he had received after committing domestic assault and driving while under the influence of alcohol, his excuses for failing to comply with the conditions of supervision, and his "unwilling[ness] to even submit to the simplest supervision." Revocation Tr. 32. Whatever Burnside's preferences might be, the district court did not abuse its discretion in deciding that the appropriate revocation sentence in this case included a term of supervised release. See Barber, 4 F.4th at 692 (district court did not abuse its discretion in ordering further supervised release as part of the defendant's revocation sentence); United States v. Hajek, 638 F. App'x 581, 582 (8th Cir. 2016) (per curiam) (same); United States v. Houle, 630 F. App'x 642, 643–44 (8th Cir. 2016) (per curiam) (same).

The judgment is affirmed.

_____