# United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-2139

_____

United States of America

*Plaintiff - Appellee*

v.

Garrett Kelsey

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: January 8, 2024
Filed: February 6, 2024
[Unpublished]

_____

Before BENTON, ERICKSON, and KOBES, Circuit Judges.

_____

PER CURIAM.

In 2020, Garrett Kelsey pled guilty to interstate transmission of a threat to injure a person, in violation of 18 U.S.C. § 875(c). The district court sentenced him to eight months in prison and three years of supervised release. In 2021, he violated the conditions of his release. The district court modified the conditions of release to include 20 hours of community service. In January 2022, after additional violations,

the court ordered a 90-day placement in a residential reentry center. In March 2022, the court found Kelsey committed a new law violation of accessing child pornography. It sentenced him to 12 months in prison and one year of supervised release. *See United States v. Kelsey*, 2022 WL 16570983, at *1 (8th Cir. Nov. 1, 2022) (affirming the judgment). In 2023, Kelsey again violated the conditions of release, failing to follow the rules of the reentry center and possessing pornography labeled "teen" and "young." The district court[1] sentenced him to ten months in prison and one year of supervised release. He appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Kelsey challenges the district court's imposition of a one-year term of supervised release (statutory maximum was three years). This court reviews for abuse of discretion. *United States v. Beran*, 751 F.3d 872, 875 (8th Cir. 2014). The court properly considered his "serious criminal history in terms of his burglary, domestic abuse assault, and operating while intoxicated" and his poor history on supervision (violating the latest conditions of release within 30 days). The court did not abuse its discretion in imposing one year of supervised release. *See United States v. Barber*, 4 F.4th 689, 692 (8th Cir. 2021) (holding no abuse of discretion in imposing a term of supervised release within the statutory range at a revocation hearing where the district court said it would not reward the defendant for "bad behavior by shortening his term of supervised release").

\* \* \* \* \* \* \* \*

The judgment is affirmed.

_____

---

[1]The Honorable Linda R. Reade, United States District Court Judge for the Northern District of Iowa.