# United States Court of Appeals

### For the Eighth Circuit

_____

No. 23-3732

_____

United States of America

*Plaintiff - Appellee*

v.

Barry Wayne Register

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas

_____

Submitted: September 23, 2024
Filed: October 21, 2024
[Unpublished]

_____

Before GRUENDER, KELLY, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Barry Wayne Register pleaded guilty to possessing a firearm as a prohibited person, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He served a 63-month sentence and began a three-year term of supervised release in May 2023. In

December 2023, the district court[1] revoked Register's supervised release and sentenced him to 15 months of imprisonment, with no supervision to follow. Register appeals, arguing that his sentence is substantively unreasonable.

At his revocation hearing, Register admitted that he had violated the conditions of his supervised release ten times since his release in May by: using a controlled substance on four occasions; failing to report for drug testing on five; and failing once to attend his mental health treatment program.[2] Based on these violations, the district court calculated a Guidelines range of 6–12 months.

The government sought an upward variance, citing Register's criminal history and arguing that he was likely to recidivate. Stressing Register's homelessness and ongoing mental and physical health problems, his attorney asked the district court to send him to inpatient treatment, coupled with participation in a transitional living program, or in the alternative, to sentence him at the low end of the Guidelines range. Register also spoke at the hearing. He described a lifetime of drug addiction, alcoholism, and crime, adding: "I don't know how to get off drugs and alcohol. I don't know how to function out there without committing a crime or—I don't know how to keep appointments. I don't know how to live out there." The district court imposed an above-range sentence of 15 months, with no additional term of supervised release.

Whether the district court's supervised release revocation sentence is substantively unreasonable is reviewed under a "deferential abuse-of-discretion standard." United States v. Michels, 49 F.4th 1146, 1148 (8th Cir. 2022) (quoting

---

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

[2]The probation office raised an eleventh alleged violation—arrest for property theft and possession of methamphetamine and drug paraphernalia—but Register, facing a state trial on the charges, contested this allegation and the government did not offer proof on it, so the court dismissed it without prejudice.

United States v. Growden, 663 F.3d 982, 984 (8th Cir. 2011)). "An abuse of discretion occurs if a sentencing court fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Miller, 34 F.4th 663, 665 (8th Cir. 2022) (quoting United States v. Ceballos-Santa Cruz, 756 F.3d 635, 637 (8th Cir. 2014) (per curiam)). Though we "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range," we also "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of [a] variance." United States v. White, 863 F.3d 1016, 1021 (8th Cir. 2017) (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).

After reciting the relevant § 3553(a) factors, the district court noted Register's long and consistent history of criminal behavior, which it believed spoke to the likelihood that he would "continu[e] to commit crimes and continu[e] to put public safety at jeopardy." The court also expressed concern about Register's "lack of any sustained effort to cooperate in receiving the services that the probation office has been attempting to provide." That, in combination with what the court described as "a complete failure of supervised release without any real stretches of time since [Register] was released where he has been compliant," was "collectively [] aggravating." The court rejected Register's request for a non-custodial sentence, because that had "been tried" previously, and Register "wouldn't follow through" and "didn't want to have any part of [transitional living]."

The district court also addressed numerous mitigating factors: Register's difficult upbringing and history of drug addiction; his occasional compliance with release conditions, including completion of a residential substance abuse treatment program; his homelessness and concomitant instability; his underlying mental and physical health problems; and the fact that he had not been taking his psychotropic medication, which helped put some of his behavior in context. The court ordered that Register be "promptly evaluated" for mental health issues, put back on his

medications, and provided with drug treatment while incarcerated.  But in the end, although Register's "case ha[d] more mitigating context than normal," it did not "erase the Court's concern for deterrence or public safety."

Register argues the district court improperly weighed the § 3553(a) and § 3583(e) factors in fashioning his revocation sentence.  Register concedes the district court considered his mitigating circumstances, but nonetheless argues that a long-term drug treatment program or a sentence within the Guidelines would be more appropriate. However, "[t]he fact the district court did not give [Register's mitigating factors] as much weight as [he] would have preferred does not justify reversal." United States v. Fitzpatrick, 943 F.3d 838, 841 (8th Cir. 2019) (quoting United States v. Holdsworth, 830 F.3d 779, 786 (8th Cir. 2016)). Here, the district court carefully considered each of the relevant § 3553(a) factors and concluded that Register's high likelihood of recidivating and his inability or unwillingness to cooperate with the probation office's attempts to help him justified a longer sentence, notwithstanding the mitigating factors. In so weighing the evidence, the district court acted well within its discretion.  See United States v. Kocher, 932 F.3d 661 (8th Cir. 2019) ("We have frequently upheld revocation sentences that varied upward from the advisory guidelines range because defendant was a recidivist violator of supervised release conditions." (internal quotation marks omitted)).

We affirm the judgment of the district court.

_____