# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2037

_____

United States of America

*Plaintiff - Appellee*

v.

Manuel Menchaca, also known as Jose Hector Rodriguez, also known as Rooster

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: November 22, 2024
Filed: November 27, 2024
[Unpublished]

_____

Before COLLOTON, Chief Judge, BENTON and KELLY, Circuit Judges.

_____

PER CURIAM.

Manuel Menchaca pled guilty to conspiracy to distribute methamphetamine (actual) and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), 18 U.S.C. § 924(a)(2), and 21 U.S.C. § 846. The district court sentenced

him to 151 months in prison,[1] followed by five years of supervised release. During release, he violated his conditions of supervision. The district court[2] revoked his supervision, sentencing him within the guidelines to 12 months in prison. Menchaca appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Menchaca believes the district court procedurally erred by lengthening his sentence "in the hopes that he would receive medical care in prison." This court reviews this argument de novo. *See United States v. Moore*, 2023 WL 7297168, at *1 (8th Cir. Nov. 6, 2023) (unpublished). "[I]mprisonment is not an appropriate means of promoting correction and rehabilitation." 18 U.S.C. § 3582(a). A district court "may not impose or lengthen a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation." *Tapia v. United States*, 564 U.S. 319, 335 (2011). *See United States v. Taylor*, 679 F.3d 1005, 1006 (8th Cir. 2012) ("*Tapia* applies upon revocation of supervised release as well as at an initial sentencing.").

Here, the district court discussed Menchaca's medical treatment and "the care available to him in the federal prison system." It also noted that under 18 U.S.C. § 3553(a)(2)(D), it could consider the need to provide Menchaca with medical care. *See* 18 U.S.C. § 3553(a)(2)(D) (the court shall consider the need for the sentence imposed to "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"); *United States v. Holdsworth*, 830 F.3d 779, 784-85 (8th Cir. 2016) (noting that *Tapia* permits district courts to "make recommendations to the Bureau of Prisons (BOP)

---

[1]The district court originally sentenced him to 151 months on the conspiracy charge (with 5 years of supervised release) and 120 months on the felon in possession charge (with 1 year of supervised release), to be served concurrently. The conspiracy charge was later reduced to 140 months due to retroactive changes in the guidelines.

[2]The Honorable Brian C. Buescher, United States District Judge for the District of Nebraska.

regarding treatment programs" and "discuss the benefits of such programs with defendants at sentencing").

However, the district court here did not lengthen his sentence to provide medical care.  Responding to Menchaca's *Tapia* objection, the court said:

> And I will note for the record that while I'm able to consider that factor, I did not lengthen his period of incarceration at all due to the medical care available to him in the federal prison system.
>
> I will also note for the record that this is the sentence that is justified by the violation that the defendant has admitted to and the facts surrounding that violation and it is a guideline sentence.

The court considered the § 3553(a) factors and did not impermissibly lengthen Menchaca's sentence in violation of *Tapia*.  *See United States v. Miller*, 34 F.4th 663, 665 (8th Cir. 2022) (this court reviews the entire sentencing record, not just the district court's statements, to determine if consideration of § 3553 was adequate); *United States v. Blackmon*, 662 F.3d 981, 987 (8th Cir. 2011) (finding no plain *Tapia* error where "the district court never expressed an intention to lengthen [the] sentence for rehabilitative purposes").  There was no procedural error.

* * * * * * *

The judgment is affirmed.

_____